ACCEPTED
04-14-00614-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/13/2015 8:20:48 AM
KEITH HOTTLE
CLERK

*NO. 04-14-00614-CV*

**In the Fourth District Court of Appeals**

*San Antonio, Texas*

_____

**HECTOR GONZALEZ,**

*Appellant,*

v.

**ATENEA CAPITAL MARKETS FUND, L.P.,**

*Appellee.*

_____

ON APPEAL FROM THE 57TH DISTRICT COURT

BEXAR COUNTY, TEXAS
TRIAL COURT CAUSE NO. 2012-CI-13872

_____

**APPENDIX**

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/13/2015 8:20:48 AM
KEITH E. HOTTLE
Clerk

George D. Durham, Esq.
Attorney for Appellant
State Bar No. 24082940
gsklawfirm@gmail.com
517 W. Nolana Ste. 6
McAllen, TX 78504
Telephone: (956) 900-4187
Facsimile: (956) 524-5153

Attorney for Appellant Hector Gonzalez

# CLERK'S RECORD (CR)

Pg. #

1.   PLAINTIFFS ORIGINAL PETITION_____00001

2.   DEFENDANTS ORIGINAL ANSWER_____00008

3.   ANTHONY MATULEWICZ AND GEROGE DURHAMS MOTION TO
     WITHDRAW AS ATTORNEY OF RECORD_____00010

4.   DEFENDANT HECTOR GONZALEZ HERNANDEZ FIRST AMENDED
     ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFFS
     ORIGINAL PETITION_____00019

5.   MOTION TO COMPEL DISCOVERY FROM DEFENDANT HECTOR
     GONZALEZ HERNANDEZ_____00022

6.   DEFENDANTS MOTION TO DISMISS CAUSE OF ACTION_____00034

7.   OBJECTION REQUEST FOR CONTINUANCE ON HEARING ON
     MOTION TO DISMISS_____00045

8.   JUDGES NOTES_____00046

9.   ORDER GRANTING MOTION TO COMPEL INTERROGATORY
     RESPONSES AND THE PRODUCTION OF DOCUMENTS_____00047

10.  RESPONSE TO MOTION TO DISMISS_____00049

11.  SECOND MOTION TO COMPEL DISCOVERY FROM DEFENDANT
     HECTOR GONZALEZ HERNANDEZ AND FOR SANCTIONS_____00052

12.  DEFENDANTS RESPONSE TO PLAINTIFFS SECOND MOTION TO
     COMPEL DISCOVERY FROM DEFENDANT HECTOR GONZALEZ
     HERNANDEZ AND FOR SANCTIONS_____00060

13.  JUDGES NOTES_____00064

14.  ORDER GRANTING SECOND MOTION TO COMPEL INTERROGATORY
     RESPONSES AND THE PRODUCTION OF DOCUMENTS_____00065

15.  THIRD MOTION TO COMPEL DISCOVERY FROM DEFENDANT
     HECTOR GONZALES HERNANDEZ AND FOR SANCTIONS_____ 00069

16.  ORDER GRANTING MOTION TO COMPEL INTERROGATORY
     RESPONSES AND THE PRODUCTION OF DOCUMENTS_____00084

17.  MOTION TO ENFORCE ORDERS AND SANCTIONS OF COURT

AND TO DETERMINE DAMAGES_____00088

18.  JUDGES NOTES_____00092

19.  CONDITIONAL MOTION FOR SEVERANCE_____00093

20.  RESPONSE TO MOTION TO RECONSIDER SANCTIONS_____00096

21.  JUDGES NOTES_____00100

22.  STIPULATED ORDER ON MOTION TO WITHDRAW_____00101

23.  FINAL JUDGMENT_____00102

24.  NOTICE OF NON SUIT_____00105

25.  ORDER CONFIRMING NON SUIT_____00106

26.  NOTICE OF APPEAL_____00108

27.  DOCKET SHEET_____00110

28.  BILL OF COST _____00116

29.  CERTIFICATE _____00118

# CLERK'S RECORD

## NO. <u>2012CI13872</u>

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/20/2014 9:54:01 AM
KEITH E. HOTTLE
Clerk

**ATTORNEY FOR APPELLANT:**
GEORGE DURHAM
517 W NOLANA AVE
MCALLEN, TX 78504-2974

**ATTORNEY FOR APPELLEE:**
LANCE M GEPPERT
8000 WEST AVE 1
SAN ANTONIO, TX 78213-1837

### <u>HECTOR GONZALEZ</u>
### APPELLANT

### <u>ATENEA CAPITAL MARKET FUND LP</u>
### APPELLEE

---

## FROM THE
## DISTRICT COURT OF BEXAR COUNTY
## 57TH JUDICIAL DISTRICT OF TEXAS

---

APPLIED FOR BY GEORGE DURHAM
ATTORNEY OF RECORD FOR APPELLANT,
ON August 29, 2014 AND DELIVERED TO
COURT OF APPEALS

ON     <u>OCTOBER 17, 2014</u> .

Donna Kay M<sup>c</sup>Kinney
**CLERK, DISTRICT COURT, BEXAR COUNTY, TEXAS**

By: *<u>CECILIA BARBOSA</u>*, DEPUTY

---

FILED IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS, AT SAN ANTONIO,

THE _____ DAY OF _____.

_____, CLERK

BY: _____, DEPUTY.

# INDEX

1. P1-PLAINTIFFS ORIGINAL PETITION_____ 00001
   DATE FILED: AUGUST 23, 2012 PAGE 00007

2. P5-DEFENDANTS ORIGINAL ANSWER_____ 00008
   DATE FILED: FEBRUARY 25, 2013 PAGE 00009

3. P6-ANTHONY MATULEWICZ AND GEROGE DURHAMS MOTION TO
   WITHDRAW AS ATTORNEY OF RECORD_____ 00010
   DATE FILED: APRIL 2, 2013 PAGE 00018

4. P7-DEFENDANT HECTOR GONZALEZ HERNANDEZ FIRST AMENDED
   ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFFS
   ORIGINAL PETITION_____ 00019
   DATE FILED: APRIL 2, 2013 PAGE 00021

5. P12-MOTION TO COMPEL DISCOVERY FROM DEFENDANT HECTOR
   GONZALEZ HERNANDEZ_____ 00022
   DTE FILED: SEPTEMBER 18, 2013 PAGE 00033

6. P13-DEFENDANTS MOTION TO DISMISS CAUSE OF ACTION_____ 00034
   DATE FILED: OCTOBER 1, 2013 PAGE 00044

7. P14-OBJECTION REQUEST FOR CONTINUANCE ON HEARING ON
   MOTION TO DISMISS_____ 00045
   DATE FILED: OCTOBER 2, 2013

8. P15-JUDGES NOTES_____ 00046
   DATE FILED: OCTOBER 2, 2013

9. O1-ORDER GRANTING MOTION TO COMPEL INTERROGATORY
   RESPONSES AND THE PRODUCTION OF DOCUMENTS_____ 00047

10. P19-RESPONSE TO MOTION TO DISMISS_____    00049
    DATE FILED: OCTOBER 16, 2013 PAGE 00051

11. P21-SECOND MOTION TO COMPEL DISCOVERY FROM DEFENDANT
    HECTOR GONZALEZ HERNANDEZ AND FOR SANCTIONS_____    00052
    DATE FILED: NOVEMBER 8, 2013 PAGE 00059

12. P23-DEFENDANTS RESPONSE TO PLAINTIFFS SECOND MOTION TO
    COMPEL DISCOVERY FROM DEFENDANT HECTOR GONZALEZ
    HERNANDEZ AND FOR SANCTIONS_____    00060
    DATE FILED: NOVEMBER 21, 2013 PAGE 00063

13. P25-JUDGES NOTES_____    00064
    DATE FILED: NOVEMBER 21, 2013

14. O2-ORDER GRANTING SECOND MOTION TO COMPEL INTERROGATORY
    RESPONSES  AND THE PRODUCTION OF DOCUMENTS_____    00065

15. P27-THIRD MOTION TO COMPEL DISCOVERY FROM DEFENDANT
    HECTOR GONZALES HERNANDEZ AND FOR SANCTIONS_____    00069
    DATE FILED: DECEMBER 10, 2013 PAGE 00083

16. O3-ORDER GRANTING MOTION TO COMPEL INTERROGATORY
    RESPONSES AND THE PRODUCTION OF DOCUMENTS_____    00084

17. P29-MOTION TO ENFORCE ORDERS AND SANCTIONS OF COURT
    AND TO DETERMINE DAMAGES_____    00088
    DATE FILED: MARCH 20, 2014 PAGE 00091

18. P32-JUDGES NOTES_____    00092
    DATE FILED: APRIL 24, 2014

19. P36-CONDITIONAL MOTION FOR SEVERANCE_____ 00093

   DATE FILED: MAY 23, 2014 PAGE 00095

20. P37-RESPONSE TO MOTION TO RECONSIDER SANCTIONS_____ 00096

   DATE FILED: MAY 26, 2014 PAGE 00099

21. P39-JUDGES NOTES_____ 00100

   DATE FILED: MAY 27, 2014

22. O4-STIPULATED ORDER ON MOTION TO WITHDRAW_____ 00101

23. O5-FINAL JUDGMENT_____ 00102

24. P41-NOTICE OF NON SUIT_____ 00105

   DATE FILED: AUGUST 1, 2014

25. O6-ORDER CONFIRMING NON SUIT_____ 00106

26. P42-NOTICE OF APPEAL_____ 00108

   DATE FILED: AUGUST 29, 2014 PAGE 00109

27. DOCKET SHEET_____ 00110

28. BILL OF COST _____ 00116

29. CERTIFICATE _____ 00118

# CAPTION

THE STATE OF TEXAS:

COUNTY OF BEXAR:


IN THE 57TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS, THE HONORABLE, JUDGE PRESIDING, THE FOLLOWING PROCEEDINGS WERE HELD AND THE FOLLOWING INSTRUMENTS AND OTHER PAPERS WERE FILED IN THIS CAUSE, TO WIT:


TRIAL COURT CAUSE NO.   2012CI13872

| | |
|---|---|
| ATENEA CAPITAL MARKET FUND LP | § IN THE JUDICIAL DISTRICT |
| VS. | § 57TH JUDICIAL DISTRICT |
| GONZALEZ AND DUARTE LLC ET AL | § BEXAR COUNTY, TEXAS |


* * * * * * * * *



2012CI13872 -P00001

3 cits pps

| | | |
|---|---|---|
| **ATENEA CAPITAL MARKETS FUND, LP** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **GONZALEZ & DUARTE LLC,** | § | |
| **HECTOR GONZALEZ HERNANDEZ,** | § | |
| **HERNAN DUARTE MENDEZ,** | § | |
| **ARACELY DUARTE MENDEZ,** | § | |
| **ADRIAN RUBIO ENRIQUEZ,** | § | |
| **EFRAIN ISLAS HERNANDEZ, and** | § | |
| **EDUARDO DERGAL MERAZ** | § | |
| **Defendants** | § | **BEXAR COUNTY, TEXAS** |

<u>PROCESS DEPT</u> CRT

## <u>PLAINITFF'S ORIGINAL PETITION</u>

TO THE HONORABLE COURT:

Comes now Plaintiff Atenea Capital Market Fund, LP ("Plaintiff" or "Atenea" herein) and files this its Original Petition against the Defendants Gonzalez and Duarte LLC, Hector Gonzalez Hernandez (also known as Hector Gonzalez), and Hernan Duarte Mendez (also known as Hernan Duarte), and Aracely Duarte Mendez (also known as Aracely Duarte), Adrian Rubio Enriquez, Efrain Islas Hernandez, and Eduardo Dergal Meraz, collectively named herein as Defendants, and Plaintiff states as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Texas Rule of Civil Procedure 190.3

### II. PARTIES

Plaintiff is a foreign entity registered to do business in the State of Texas.

Defendant Gonzalez and Duarte LLC is a Texas limited liability corporation  It may be served with a copy of the petition and citation through its registered agent as follows:

1

Gonzalez and Duarte LLC
By and through its registered agent:
Jesse Mora
17655 Henderson Pass, #1014
San Antonio, Texas 78232

**Citation for service is requested at this time**

Defendant Hector Gonzalez Hernandez is a citizen of the sovereign nation of Mexico that may be residing in the state of Texas who may be served at the following address or anywhere else that he may be found:

Hector Gonzalez Hernandez
2604 Charlston Lane,
Plantation, Texas 78517

**Citation for service is requested at this time**

Defendant Hernan Duarte Mendez is a citizen of the sovereign nation of Mexico that may be residing in the state of Texas who may be served at the following address or anywhere else that he may be found:

Hernan Duarte Mendez
10308 Everest Street
McAllen, Texas

**Citation for service is requested at this time**

Defendant Aracely Duarte Mendez is a citizen of the sovereign nation of Mexico that may be residing in the state of Texas who may be served anywhere that she may be found. Plaintiff does not have an address for this Defendant at this time.

Service is not requested on this Defendant at this time.

Defendant Adrain Rubio Enriquez is a citizen of the sovereign nation of Mexico that may be residing in the state of Texas who may be served anywhere that he may be found.

Service is not requested on this Defendant at this time.

2

Defendant Efrain Islas Hernandez is a citizen of the sovereign nation of Mexico that may be residing in the state of Texas who may be served anywhere that he may be found. Plaintiff does not have an address for this Defandant at this time.

Service is not requested on this Defendant at this time.

Defendant Eduardo Dergal Meraz is a citizen of the sovereign nation of Mexico that may be residing in the state of Texas who may be served anywhere that he may be found, including the following address:

Eduardo Dergal Meraz
Cam De Las Gaciotas 827
Col Colinas De San Jeronimo 64630
Monterrey, N.L.

Service is not requested on this Defendant at this time.

## III. JURISDICTION AND VENUE

The Court has jurisdiction of this lawsuit under the Texas Uniform Declaratory Judgment Act and the amount in controversy is within the jurisdictional limits of this Court. Venue is appropriate under the permissive venue statute because all or a substantial part of the events or conditions giving rise to this controversy occurred in Bexar County, Texas.

## IV. STATEMENT OF FACTS

The Plaintiff is a company based in the sovereign nation of Canada. While the company was formed in Canada, it was never intended to do business in that situs. The Defendants formed the Plaintiff, a limited liability partnership, and named Defendant Aracely Duarte Mendez as the general partner. Later, when they began to seek investors, they approached Julian Mortera and requested that he serve and general partner in nominee and named him Director of the Fund, though he never had control over the Fund or its proceeds.

3

The Defendants informed their investors that they were financial advisers to the Plaintiff and set out to recruit other investors to pay monies in exchange for a premium on the monies invested. The Defendants recruited the investors, set up Plaintiff's bank accounts, and placed monies invested into those accounts. Then the Defendants, acting as financial advisers to the Plaintiff, began to transfer investment funds into their own personal and business accounts, without investing the monies. Some funds apparently went straight into the pockets of the individual Defendants without ever being invested. Much of the investment monies were placed into Atenea accounts in Bexar County, Texas and then transferred to Defendants' accounts in Texas and abroad. In total, the Defendants received and/or controlled five million one hundred and sixty eight thousand dollars ($5,168,000.00) which has not been repaid or otherwise accounted for.

As part of the financial services the Defendants provided to the Plaintiff, the Defendants agreed to provide certificates to the investors acknowledging the investment of funds and promising a return on the investment, much like loan. By agreement, many of the investors became limited liability partners in the Plaintiff. However, the time has passed to pay the investors their dividends and principal on these certificate notes, and the Defendants have failed to pay, subjecting the Plaintiff to potential liability to the investors. Furthermore, the Plaintiff now may be financially obligated to repay the certificates, even though it never received a great portion of the income that was supposedly invested with it.

The Defendants further provided "portfolio" information to many investors detailing stocks and other investment vehicles in which the investors monies was allegedly contributed. However, it does not appear that the stocks and other items indicated in the portfolio were actually purchased, and the Defendants apparently have misrepresented how they have used the income.

4

Even today, the Defendants are apparently attempting to get individuals to invest using the Plaintiff's name, and may be engaging in a "ponzi" type scheme in an effort to repay the Plaintiff and its investors. The Plaintiff, among other requests, would like the Court to prevent the Defendants from indicating that they are affiliated with the Plaintiff in any manner.

## V. FRAUD AND WRONGFUL CONDUCT

Plaintiff incorporates paragraphs above and further states that the actions of the Defendants, individually and jointly constitute breach of fiduciary duty, fraud, misrepresentations and actionable negligence omissions and commissions. To wit, the Defendants were in a fiduciary relationship with the Plaintiff and investors as the financial advisers, particularly when taking control over the monies that were invested. The Defendants breached the fiduciary duties by failing to properly invest the funds.

To the extent that the Defendants did not invest the funds as indicated and promised, such actions constitute actionable fraud or negligent misrepresentations in that the Defendants obtained the funds by promising to invest them and achieve a return on investment, the Defendants failed to invest the funds as promised, the Defendants intentionally misrepresented how the investment funds were utilized, and the Plaintiff lost its investment income as a result. The total amount of principal income invested by investors is three million nine hundred thousand dollars.

## VI. TORTIOUS INTERFERENCE AND BREACH OF CONTRACT

Without legal justification or cause, the Defendants interfered with the Plaintiff's business and its relations with investors, ultimately attempting to obtain monies earmarked for Plaintiff through improper activities. The Plaintiff had a valid relationship with its investors. The Defendants intentionally interfered with that relationship. The interference

5

caused the Plaintiff to lose investment money and otherwise created potential liability to investors. Furthermore, the Defendants breached its agreement with the Plaintiff to supervise, advise, invest the funds, and pay the expected dividends and return of the investment money to the investors.

## VII. CIVIL CONSPIRACY

Plaintiff incorporates the paragraphs above and would further state that the actions of the Defendants constitute a civil conspiracy in that the Defendants acted in concert to deprive the Plaintiff and, by association, its investors, from monies that were provided to it for the purpose of providing and implementing investment strategy. As a result of the civil conspiracy, the Plaintiff has been damaged and lost its investment income.

## VIII. FAILURE TO PROVIDE ACCOUNTING

The Plaintiff made written demand to the Defendants for an accounting of the investment monies, interests and business records, and the Defendants failed to provide any such documentation. Under the Texas Revised Corporation Act, the Texas Limited Liability Company Act, as well as the Texas business organization codes, the Defendants are required to provide records and accounting upon request and have failed to do so despite having more than seven weeks to respond to the proper request.

## IX. RELIEF REQUESTED UNDER the TEXAS UNIFORM DECLARATORY JUDGMENT ACT

A. JUSTICIABLE CONTROVERSEY

There exists a genuine controversy between the parties that would be resolved by a ruling under the Texas Uniform Declaratory Judgment Act concerning the validity and breadth of any interest or authority that the Defendants have with respect to the Plaintiff.

B. COURT OPINION CAN RESOLVE CONTROVERSEY

The Court has the authority to make a determination whether there is an interest and it can make a determination to what extent, if any the purported documents are legal, what the effect of the documents are on the Plaintiff and whether the Plaintiff has any past, present, or future obligations with respect to the Defendants.

## X. ATTORNEYS FEES

The Plaintiff requests attorneys fees under 37.009 under the Texas Uniform Declaratory Judgment Act which expressly provides that the Court may award attorneys fees to the prevailing party. Further, the Plaintiff seeks attorneys fees for breach of contract. Plaintiff requests that the Court award all of the Plaintiff's fees that are reasonable and necessary to the extent that the Court makes any finding in favor of the Plaintiff.

WHEREFORE, the Plaintiff Atenea prays that the Court:

order that the Defendants cease and desist all interference, order that the investment monies and all attendant property belongs to the Plaintiff, award damages, order and accounting, order the Defendants be required to pay attorneys fees, interest and court costs, and award such other and further relief as may be necessary to do justice in this matter.

Respectfully Submitted,

CRT
PROCESS

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net



NO. 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND LP<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 57TH JUDICIAL DISTRICT |
| GONZLAEZ & DUARTE LLC<br>HECTOR GONZALEZ HERNANDEZ,<br>HERNAN DUARTE MENDEZ,<br>ARACELY DUARTE MENDEZ<br>ADRIAN RUBIO ENRUQIEZ,<br>EFRAIN ISALAS HERNANDEZ, and<br>EDUARDO DERGAL MERAZ<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br>OF BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

NOW COMES Defendant, **GONZLAEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRUQIEZ, EFRAIN ISALAS HERNANDEZ, and EDUARDO DERGAL MERAZ**, named Defendants in the above-entitled and numbered cause, and files this Original Answer, and shows the Court:

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

## PRAYER

Defendants pray the Court, after notice and hearing or trial, enters judgment in favor of Defendants, award Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

MATULEWICZ & ASSOCIATES, P.C.
521 S. Broadway St.
McAllen, Texas 78501-4929
Tel: (956) 972-0330
Fax: (956) 972-0353

By: _____
ANTHONY MATULEICZ
Texas Bar No. 13234358
GEORGE DURHAM
Texas Bar No. 24082940
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on February 25, 2013 a true and correct copy of Defendant's Original Answer was served by facsimile transmission to:

Lance Geppart
1900 Tower Life Building
310 S. St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 855-9990

ANTHONY MATULEWICZ
GEORGE DURHAM

Filed
13 April 2 P5:56
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Deborah Garay

77CAUSE NO. 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKET, L.P., | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| GONZALEZ & DURATE, LLC, | § | |
| HECTOR GONZALEZ HERNANDEZ, | § | |
| HERNAN DURATE MENDEZ, | § | |
| ARACELY DURANTE MENDEZ, | § | |
| ADRIAN RUBIO ENRIQUEZ, EFRAIN | § | |
| ISLAS HERNANDEZ, AND EDUARDO | § | |
| DERGAL MERAZ, | § | OF BEXAR COUNTY, TEXAS |

## ANTHONY MATULEWICZ AND GEORGE DURHAM'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ANTHONY MATULEICZ AND GEORGE DURHAM,** of the Law Offices of Matulewicz & Associates, P.C., Attorneys for Defendants, **GONZALEZ & DURATE, LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DURATE MENDEZ, ARACELY DURANTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, AND EDUARDO DERGAL MERAZ,** and respectfully moves the Court to grant said attorney permission to withdraw as attorneys of record for Defendants, **GONZALEZ & DURATE, LLC, HERNAN DURATE MENDEZ, ARACELY DURANTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, AND EDUARDO DERGAL MERAZ.**

MOTION TO WITHDRAW AS ATTORNEY OF RECORD                                    Page 1

## A. INTRODUCTION

### I.

Plaintiff is **ATENEA CAPITAL MARKET, L.P.** Certain Defendants have been served on or about January 8, 2013 and February 2, 2013 in the above entitled and numbered cause.

### II.

Plaintiff sued these Defendants for fraud, wrongful conduct, tortuous interference, breach of contract civil conspiracy, and failure to provide accounting under the Texas Revised Corporation Act, the Texas Limited Liability Company Act, as well as the Texas business organization codes.

### III.

Discovery in this suit is governed under the Texas Rules of Civil Procedure 190.3.

### IV.

No trial date has been scheduled.

## B. FACTS

### V.

Attorneys, Anthony Matulewicz and George Durham, were only contracted to represent Defendant **HECTOR GONZALEZ HERNANDEZ.** Defense counsel made a clerical error by representing all Defendants in case through Defendants' Original Answer to Plaintiff's Original Petition. Defense counsels have not been retained by these Defendants to represent them in this case.

## VI.

Defense attorney, George Durham, attaches his affidavit to this motion to establish facts not apparent from the record and incorporates them by reference.

## C.   ARGUMENT & AUTHORITIES

## VII.

There is good cause, as required by Texas Rule of Civil Procedure 10, for this court to grant the motion to withdraw because this Defendant made a clerical error in representing all Defendants in case through Defendants' Original Answer to Plaintiff's Original Petition.

## VIII.

No other attorney will at present seek to appear as substitute counsel.

## IX.

Defense counsels have delivered a copy of this motion to **GONZALEZ & DURATE, LLC, HERNAN DURATE MENDEZ, ARACELY DURANTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, AND EDUARDO DERGAL MERAZ**, in writing by both certified and regular mail, of his right to object to the motion.

## X.

Defense counsels are unable to state these Defendants' position on this motion.

## XI.

Defendants' last known address is as follows:

**Gonzalez & Durate, LLC**
**By and through its registered agent**
**Jose Mora**
**17655 Henderson Pass, #1014**
**San Antonio, Texas   78232**

**Hernan Durate Mendez**
**10308 Everest Street**
**McAllen, Texas   78504**

**Aracely Durante Mendez is a citizen of the sovereign nation of Mexico that may be residing in the State of Texas who may be served anywhere that she may be found.**

**Said Notice of Withdrawal of Counsel shall be served or her employer:**
**Gonzalez & Durate, LLC**
**By and through its registered agent**
**Jose Mora**
**17655 Henderson Pass, #1014**
**San Antonio, Texas   78232**

**Adrian Rubio Enriquez is a citizen of the sovereign nation of Mexico that may be residing in the State of Texas who may be served anywhere that he may be found.**

**Said Notice of Withdrawal of Counsel shall be served on his employer:**
**Gonzalez & Durate, LLC**
**By and through its registered agent**
**Jose Mora**
**17655 Henderson Pass, #1014**
**San Antonio, Texas   78232**

**Efrain Islas Hernandez is a citizen of the sovereign nation of Mexico that may be residing in the State of Texas who may be served anywhere that he may be found.**

**Said Notice of Withdrawal of Counsel shall be served on his employer:**
**Gonzalez & Durate, LLC**
**By and through its registered agent**
**Jose Mora**
**17655 Henderson Pass, #1014**
**San Antonio, Texas   78232**

**Eduardo Dergal Meraz is a citizen of the sovereign nation of Mexico that may be residing in the State of Texas who may be served anywhere that he may be found.**

**Said Notice of Withdrawal of Counsel shall be served on his employer:**
**Gonzalez & Durate, LLC**
**By and through its registered agent**
**Jose Mora**
**17655 Henderson Pass, #1014**
**San Antonio, Texas    78232**

## XII.

Defense counsels request the Court, if he is allowed to withdraw as attorneys of record for these Defendants, to give Defendants thirty (30) days from the date of the order hereon in which to notify the Clerk in writing regarding arrangements for representation herein.

## XIII.

There are no pending settings or deadline pending in this case.

## D. CONCLUSION

## XIV.

Defense counsels request that they be allowed to withdraw as attorneys of record for these Defendants due to a clerical error as they have not been retained to represent them in this case.

## E. PRAYER

WHEREFORE, PREMISES CONSIDERED, **ANTHONY MATULEWICZ AND GEORGE DURHAM,** respectfully request that this matter be set for hearing and after hearing hereof, the Court order that **ANTHONY MATULEWICZ AND GEORGE DURHAM,** attorneys for Defendants **GONZALEZ & DURATE, LLC, HERNAN DURATE MENDEZ,**

**ARACELY DURANTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, AND EDUARDO DERGAL MERAZ,** be given leave to withdraw as counsels of record for said Defendants; that said Defendants be given thirty (30) days from the date of the order hereon in which to obtain representation; and for such other and relief as is appropriate, either at law or in equity.

Respectfully submitted,

By:_____

Anthony Matulewicz
Texas State Bar No. 13234358
George Durham
Texas Bar No. 24082940
521 S. Broadway
McAllen, Texas   78501
Tel. (956) 972-0330
Fax. (956) 972-0353
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on 2~ day of April, 2013, a true and correct copy of this motion was mailed certified mail and regular mail to the following:

**CERTIFIED MAIL/RRR**
Lance Geppert
ATTORNEY AT LAW
1900 Tower Life Building
310 South St. Mary's Street, Suite 1900
San Antonio, Texas   78205
(210) 223-2877
(210) 223-2714
ATTORNEY FOR PLAINTIFFS

_____
George Durham

# AFFIDAVIT

THE STATE OF TEXAS    '

                               '

COUNTY OF HIDALGO    '

BEFORE ME, the undersigned authority, on this day personally appeared **GEORGE DURHAM**, known to me to be the person whose signature appears below, who, after being duly sworn, deposes and says:

AMy name is **GEORGE DURHAM**. I am over twenty-one (21) years of age. I am competent to make this Affidavit and have personal knowledge of all facts set forth herein.

AI am one of the attorneys of record for Defendants **GONZALEZ & DURATE, LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DURATE MENDEZ, ARACELY DURANTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, AND EDUARDO DERGAL MERAZ** in Cause No. **2012-CI-13872**; entitled Atenea Capital Markets v. Gonzalez & Durate, LLC, Hector Gonzalez Hernandez, Hernan Durate Mendez, Aracely Durate Mendez, Adrian Rubio Enriquez, Efrain Islas Hernandez, and Eduardo Dergal Meraz, in the 57th Judicial District Court, Bexar County, Texas.

AOn February 26, 2013, Defendant, Hector Gonzalez Hernandez, retained our office to represent him in his individual capacity in the above referenced cause. On or about February 26, 2013, I inadvertently filed an answer for all Defendants. This was a clerical error as I have not been in contact or retained by these Defendants to represent them.

AThe factual statements set out in the foregoing motion are true and correct.

AFurther Affiant sayeth not.@

_____
GEORGE DURHAM

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____2_____ day of April , 2013.

_Mayra D de la Garza_
Notary Public, State of Texas



Mayra D De la Garza
My Commission Expires
07/29/2015

Filed
13 April 2 P6:00
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Deborah Garay

CAUSE NO. 2012-CI-13872

ATENEA CAPITAL MARKET, L.P.,    §    IN THE DISTRICT COURT
           Plaintiff    §
   §
V.    §    57TH JUDICIAL DISTRICT
   §
GONZALEZ & DURATE, LLC,    §
HECTOR GONZALEZ HERNANDEZ,    §
HERNAN DURATE MENDEZ,    §
ARACELY DURANTE MENDEZ,    §
ADRIAN RUBIO ENRIQUEZ, EFRAIN    §
ISLAS HERNANDEZ, AND EDUARDO    §
DERGAL MERAZ,    §    OF BEXAR COUNTY, TEXAS

### DEFENDANT HECTOR GONZALEZ HERNANDEZ' FIRST AMENDED ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **HECTOR GONZALEZ HERNANEZ,** one of the Defendants in the above and entitled cause of action, and files this First Amended Original Answer and Special Exceptions to Plaintiff's Original Petition, and would show the Court the following:

**I.**

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant enters a general denial of all matters pled by the Plaintiff and requests that the Court require the Plaintiff to prove its charges and allegations by a preponderance of the evidence as required by the Texas Rules of Civil Procedure and the Constitution of the State of Texas.

## II.

### SPECIAL EXCEPTIONS

This Defendant specifically excepts to the allegations contained in Plaintiff's Original Petition as a whole as well as the prayer, because damages are not set out in specific definite amounts, pursuant to Rule 47 of the Texas Rules of Civil Procedure and on the statutory ground that suit is not within the Court's jurisdiction. Pursuant to such statute, Plaintiff is required to inform the Court and this Defendant in writing of the maximum dollar amount claimed.

WHEREFORE, PREMISES CONSIDERED, **HECTOR GONZALEZ HERNANDEZ,** prays that Plaintiff's suit be dismissed at Plaintiffs' costs and for such other and further relief to which he may be justly entitled, either at law or in equity.

Respectfully submitted,

By: _____
Anthony Matulewicz
Texas State Bar No. 13234358
George Durham
Texas Bar No. 24082940
521 S. Broadway
McAllen, Texas 78501
Tel. (956) 972-0330
Fax. (956) 972-0353
Attorneys for Defendants

20

## CERTIFICATE OF SERVICE

I certify that on __2.1__ day of April, 2013, a true and correct copy of this motion was mailed certified mail and regular mail to the following:

**CERTIFIED MAIL/RRR**
Lance Geppert
ATTORNEY AT LAW
1900 Tower Life Building
310 South St. Mary's Street, Suite 1900
San Antonio, Texas   78205
(210) 223-2877
(210) 223-2714
ATTORNEY FOR PLAINTIFF


_____
George Durham



2012CI13872 -P00012

## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § § | |
| v. | § § § | 57ᵗʰ JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ Defendants | § § § § § § § § § § | BEXAR COUNTY, TEXAS |

## MOTION TO COMPEL DISCOVERY FROM DEFENDANT HECTOR GONZALEZ HERNANDEZ

Comes now Plaintiff Atenea Capital Markets Fund, LP, and files this its Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez and in support thereof, states as follows:

### DISCOVERY SENT

On or about July 29, 2013, the Plaintiff sent written discovery, including interrogatories and requests for production to Defendant Hector Gonzalez Hernandez. A copy of the discovery is attached as Exhibit A and incorporated herein for all purposes. The discovery was received by Defendant (through counsel) and because it was served via certified mail, responses to the discovery were due no later than September 3, 2013. However, responses were never received, timely or otherwise.

On or about September 10, 2013, the undersigned sent a demand to opposing counsel to provide complete responses to the discovery no later than September 14, 2013. No response was ever received. Thus, the Plaintiff has no choice but to submit this matter to the Court to force the Defendant to respond to the discovery requests.

DOCUMENT
SCANNED
AS FILED

## OBJECTIONS WAIVED

Responses and objections to discovery were due no later than September 3, 2013. The Defendants failed to respond and all objections are waived and any responses provided must be provided without objection.

## DISCOVERY RESPONSES NEEDED

The Plaintiff need the requested information to evaluate the case. Moreover, as this case concerns the location and use of certain funds that were and may still be in the possession custody and control of the Defendant, it is crucial that the responses be provided as soon as possible.

## COURT SHOULD COMPEL AND POTENTIALLY SANCTION

This hearing will be scheduled on Monday September 23, 2013. If, by that time, the Defendant has not provided full responses, the Court should consider sanctioning the Defendant for failure to respond and subverting the discovery process. The Defendant has already had the discovery requests for well over fifty days and has failed to provide any response. Sanctions are warranted when parties fail to respond to written discovery. *See, e.g., Able Sup. v. Moye*, 898 S.W.2d 766,771 (Tex. 1995) and *Swain v. Southwestern Bell Yellow Pages, Inc.*, 998 S.W.2d 731 (Tex. App.--Ft. Worth 1999, no pet.). Attorneys fees are among the explicitly authorized sanctions and in the present case, movant has already expended time and expense sending a reminder correspondence and drafting and filing this motion.

WHEREFORE, premises considered, the Plaintiff prays that the Court enter an order confirming that all Defendant Hector Gonzalez Hernandez' objections to discovery are waived, order Defendant Gonzalez to respond fully to discovery no later than October 7, 2013, award Plaintiff attorneys fees, and for such other relief may be necessary to do justice in this matter.

23

Respectfully submitted and certified served on

counsel for Hector Gonzalez Hernandez via facsimile on September 17, 2013 by:

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 57th JUDICIAL DISTRICT |
| | § | |
| GONZALEZ & DUARTE LLC, | § | |
| HECTOR GONZALEZ HERNANDEZ, | § | |
| HERNAN DUARTE MENDEZ, | § | |
| ARACELY DUARTE MENDEZ, | § | |
| ADRIAN RUBIO ENRIQUEZ, | § | |
| EFRAIN ISLAS HERNANDEZ, and | § | |
| EDUARDO DERGAL MERAZ | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT HECTOR GONZALEZ HERNANDEZ

To: HECTOR GONZALEZ HERNANDEZ, by and through hiss attorneys of record, Matulewicz

Pursuant to the Texas Rules of Civil Procedure Plaintiff Atenea serves this its First Request for Written Discovery upon you and requests that you respond to the interrogatoriees and produce for inspection, photographing and/or copying the documents or other tangible things listed on the attached Exhibit "A" at such time as may be agreed upon by the parties or their attorneys of record; but failing such written agreement, no later than thirty (30) days from the date hereof.

The documents are to be produced at the offices of the undersigned attorneys, located at 1900 Tower Life Building, 310 S. St. Mary's St., Suite 1900, San Antonio, Texas 78205, unless other arrangements are made prior to the date said documents become due and is supported in writing and signed by all counsel.



Respectfully submitted,

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
**lgeppert@grandecom.net**
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via *facsimile transmission* on counsel for Defendants on this the 31st of July, 2013

Matulewicz & Associates

Lance Geppert

## DEFINITIONS AND INSTRUCTIONS

The following definitions are to be used in answering the discovery on the pages which follow:

1. "Plaintiff or "ATENEA 'refers to ATENEA CAPITAL MARKET FUNDS, LP the Plaintiff in this lawsuit, as well as its present employees, directors, officers, agents, attorneys, representatives and/or any other person or entity authorized to act on its behalf.

2. "Defendant," "Respondent," "you" or "yours" refers to HECTOR GONZALEZ HERNANDEZ one of the named Defendants in this suit.

3. "GONZALEZ & DUARTE" refers to GONZALEZ & DUARTE, LLC and GONZALEZ & DUARTE; S.C. as well as their present and former agents, attorneys, employees, representatives and/or any other person or entity authorized to act on its behalf.

4. "Or" means "and/or"

5. "Communicate" or "Communication" means any oral or written exchange or transmission of words, ideas, or information from one or more persons or entities to other persons or entities together with all attachments or enclosures thereto.

6. "Documents" shall have the meaning intended by Texas Rules of Civil Procedure and is intended to be comprehensive in scope, to include, but expressly not limited to, all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall necessarily include all correspondence, memoranda, minutes, stenographic or handwritten notes, work papers, studies, publications, books, pamphlets, invoices, billings, canceled cheeks, every piece of paper with a mark on it, sound recordings, video recordings, surveys, statistical data, computer printouts, ledgers, journals, logs, forms, telegrams, pictures, data discs and tapes and copies of such writings or records where the originals are not in Defendants' possession, custody or control, and every copy of such writing or record where such copy contains any additional commentary.

7. "Identify" as used in these Interrogatories means:
a. When used with regard or respect to any person, individual or witness, requests the full and correct name, mailing address, residence or business location where such person may be reached for service of process for subpoena, and current telephone number.
b. When used with respect to any document, writing, photograph or other tangible thing or item, means to describe the Title of the item, Date of such as reflected on the document, author or maker of such item, and the present location of such item;
c. When used with respect to any bank account, savings account, trust account, or credit union account means to describe the name or names in which the account is held, the name, mailing address, physical address, and telephone number of the depository institution, association or organization, and the account number.

27

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe and detail every payment made by every investor into Atenea accounts or into Gonzalez & Duarte, LLC or Gonzalez & Duarte, S.C. accounts by persons seeking ot invesnt in Atenea.

**RESPONSE:**

**INTERROGATORY NO. 2:** State how many Atenea investment certificates were provided by Gonzalez & Duarte, LLC, Gonzalez & Duarte, S.C.,or any other entity or person, the names of the individuals to whom they were provided, and the total amount of those individuals' investments.

**RESPONSE:**

**INTERROGATORY NO. 3:** Describe and detail every amount of money that was invested on behalf of Atenea and/or its investors, including specifically, the amount of each investment, what the investment was, the current status of the investment, and, if the investment money was taken out, where the investment money subsequently went.

**RESPONSE:**

**INTERROGATORY NO. 4:** Describe and detail every amount of money ever received by you from or on behalf of Atenea or its investors, including specifically, the date of each payment received, the amount of each payment, what entity or person made the payment, and what the purpose of the payment was.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify all assets currently owned by Atenea, including specifically bank accounts and balances, stocks, real property, or any other property.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify all assets that you,Gonzalez & Duarte, LLC, or Gonzalez & Duarte, S.C. are currently holding for or on behalf of Atenea.

**RESPONSE:**

28

**INTERROGATORY NO. 7:** State the reasons that Gonzalez & Duarte, LLC or Gonzalez & Duarte, S.C. used funds intended for Atenan to obtain interest in real property in Mexico as an investment and such property was subsequently deeded to certain investors without any payment or reimbursement ever received by Atenea. Include specifically the loss to Atenea from this investment, as well as any commission or other benefit that you received.

**RESPONSE:**

**INTERROGATORY NO. 8:** Describe and detail every communication that you have had with Investors concerning Atenea, Gonzalez & Duarte, LLC or Gonzalez & Duarte, S.C., the investment strategy that you would be undertaking on their behalf, where their monies were being invested, when repayment to them was due under the certificates, the status of their investments, any profits or losses, and the current state of Gonzalez & Duarte, LLC, Gonzalez & Duarte, S.C., and Atenea.

**RESPONSE:**

**INTERROGATORY NO. 9:** Describe and detail your eduction, experience, and certification, and other qualifications to invest in stock markets, real estate, businesses, or any other investment.

**RESPONSE:**

**INTERROGATORY NO. 10:** Describe any licenses, bonds, investment advisor credentialling or other authority that you have to invest in money in the United States, Canada, or globally.

**RESPONSE:**

**INTERROGATORY NO. 11:** Describe your relationship to Atenea. Include the economic relationship and what authority Gonzalez and Duarte had to act on behalf of Atenea and what investment activities you performed on behald of Atenea

**RESPONSE:**

**INTERROGATORY NO. 12:** Decribe Gonzalez & Duarte's relationship to Atenea. Include the economic relationship and what authority Gonzalez and Duarte had to act on behalf of Atenea and what investment activities Gonzaelz and Duarte performed on behalf of Atenea

**RESPONSE:**

29

**INTERROGATORY NO. 13:** Identify all members and managers of Gonzalez & Duarte, LLC. .

**RESPONSE:**


**INTERROGATORY NO 14:** Identify all stockholders, members, managers, or partners of Gonzalez & Duarte, S.C.

**RESPONSE:**


## REQUESTS FOR PRODUCTION (EXHIBIT "A")

**REQUEST FOR PRODUCTION NO.1:** Please produce all documents relating to the negotiation, signing and/or performance of any and all contracts or agreements of any kind between Plaintiff and GONZALEZ & DUARTE in any way related to investing or investment advice.

**REQUEST FOR PRODUCTION NO. 2:** Produce any and all checks, bank statements, deposit slips, or other documents describing or detailing those items you have identified in response to Interrogatory 1.

**REQUEST FOR PRODUCTION NO. 3:** Produce copies of any and all certificates idenfitifed in response to Interrogatory 2.

**REQUEST FOR PRODUCTION NO. 4:** Produce any and all check, bank statements, deposit slips, accounting spreadsheets, or other documents describing or detailing those items you have identified in response to Interrogatory 3.

**REQUEST FOR PRODUCTION NO. 5:** Produce any and all documents of payment that you describe in response to Interrogatory 4.

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all documents of current assets of Atenea, including stock certificates, investment reports, bank accounts, investment accounts or other documents.

**REQUEST FOR PRODUCTION NO.7:** Produce all correspondence between You and any principal, representative, agent, servant or employee of GONZALEZ & DUARTE relating to transfers of funds into your or GONZALEZ & DUARTE accounts.

**REQUEST FOR PRODUCTION NO. 8:** Produce any and all Documents in your possession which evidence, relate to. Or describe the financial condition, solvency or ability to timely pay investment debts of ATENEA during the four years preceding your filing for bankruptcy.

30

**REQUEST FOR PRODUCTION NO. 9:** All documents evidencing, reflecting or in any way related to any and all. Payments made by or on behalf of GONZALEZ & DUARTE to you.

**REQUEST FOR PRODUCTION NO. 10:** Produce any and all documents of communications that you have had with Investors concerning Atenea, Gonzalez & Duarte, LLC and/or Gonzalez & Duarte, S.C.

**REQUEST FOR PRODUCTION NO. 11:** Produce any and all documents describing or detailing profits or losses of Atenea from 2008 to present, including profit and loss statements, balance information, bank accounts, or other documents.

**REQUEST FOR PRODUCTION NO. 12:** Produce any and all documents describing or detailing profits or losses of Gonzalez & Duarte, LLC, from 2008 to present, including profit and loss statements, balance information, bank accounts, or other documents.

**REQUEST FOR PRODUCTION NO. 13:** Produce any and all documents describing or detailing profits or losses of Gonzalez & Duarte, S.C. from 2008 to present, including profit and loss statements, balance information, bank accounts, or other documents.

**REQUEST FOR PRODUCTION NO. 14:** Produce any and all documents describing or detailing your profits or losses of from 2008 to present, including profit and loss statements, balance information, bank accounts, or other documents.

**REQUEST FOR PRODUCTION NO. 15:** Copies of all Origina Pletitions or Complaint filed of record in any courthouse whatsoever in which you were a named party in which an allegation of breach of contract, fraud, securities violations, breach of a fiduciary duty or other complaint was raised.

**REQUEST FOR PRODUCTION NO. 16:** All documents evidencing or reflecting any and all any banking accounts maintained by You into which payments received by any Defendants or Atenea for investment were deposited. Such information will necessarily include all monthly bank statements, deposit receipts, canceled checks and related account records.

**REQUEST FOR PRODUCTION NO. 17:** Produce all correspondence from or by Atenea.

**REQUEST FOR PRODUCTION NO. 18:** Produce all correspondence between yourself and any investor of Atenea.

# Lance Geppert
## Attorney at Law
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
geppertlaw@grandecom.net

September 17, 2013

Bexar County District Clerk
101 W Nueva, Suite 217
San Antonio, TX 78205-3411

Re: Cause No. 2012 CI 13872; Atenea Capital Market, L.P. v. Gonzalez & Duarte, LLC, et al.; 57th Judicial District, Bexar County, Texas

Dear Clerk:

Enclosed for filing please find Plaintiff's Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez. Please file the Document. If you have any questions, please do not hesitate to contact me.

Thank you,

Lance Geppert

---

Telephone: (210) 316-0000
Alt. Phone: (210) 223-2641

Facsimile: (210) 855-9990
Alt. Fax: (210) 223-2714

**law office of lance geppert**

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2013 SEP 18 P 2:32
BY:
DEPUTY

Loree Gepant
210 S. St. Marys, Suite 1900
San Antonio Tx 78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2013 SEP 18 P 2:05

DEPUTY

BY:_____

BEXAR COUNTY DISTRICT CLERK
101 W. NUEVA SUITE 217
SAN ANTONIO, TX 78205

UNITED STATES
POSTAL SERVICE

1000    78205

U.S. POSTAGE
PAID
SAN ANTONIO, TX
78246
SEP 17, 13
AMOUNT

$1.12
0003 7704-15

33

Filed
13 October 1 P5:28
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Kimberley Kennedy

NO. <u>2012 CI 13872</u>

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| HECTOR GONZALEZ | § | |
| Defendant. | § | OF BEXAR COUNTY, TEXAS |

## DEFENDANT'S MOTION TO DISMISS
## <u>CAUSE OF ACTION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Defendant, Hector Gonzalez, and requests this Honorable Court to dismiss Cause Number 2012 CI 13872 for the ground set forth herein.

I.

A.   Defendant requests dismissal of Cause Number 2012 CI 13872 for the following reason:

1.   Plaintiff, Atenea Capital Markets Fund, L.P. has forfeited its status with the secretary of state as of August 2nd, 2013. (See Exhibit A). Tex. Bus. Org. Code § 9.051(b) imposes a separate registration requirement on foreign filing entities that wish to maintain a suit on a cause of action arising out of the transaction of business in Texas:

> A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter.

In addition, Tex. Tax Code Sec. 171.252. States:

> If the corporate privileges of a corporation are forfeited under this subchapter:

34

(1) the corporation shall be denied the right to sue or defend in a court of this state; and

(2) each director or officer of the corporation is liable for a debt of the corporation as provided by Section 171.255 of this code.

Section 9.051(b) requires registration by certain "foreign filing entit[ies]." A "foreign filing entity" is a "foreign entity," other than a foreign limited liability partnership, that registers or is required to register as a foreign entity under Tex.Bus.Org.Codech.9.5 A "foreign entity" in turn is an organization formed under, and the internal affairs of which are governed by, the laws of a jurisdiction other than Texas. Atenea is a Canadian Corporation, and therefore a "foreign entity." It was not only required to register by § 9.051(b), which is part of ch. 9, but it did in fact register; it is therefore a "foreign filing entity." Nothing in these statutes requires that the foreign entity be "ongoing" or that it be currently transacting business in Texas.

B.      This matter is currently set for a Motion to Compel Discovery on October 2nd, 2013. The motion to compel accrues out of discovery due on August 3rd, 2013. However, by that point Atenea Capital Markets Fund, L.P. no longer had standing to sue in the State of Texas. Thus, since Atenea Capital Markets Fund, L.P. no longer has standing this Court has no jurisdiction to hear the matter set before it and the cause must be dismissed with prejudice.

**WHEREFORE**, Defendant requests this Honorable Court to dismiss Cause Number 2012 CI 13872, with prejudice, for attorney fees, and for such other and further relief that may be awarded at law or in equity.

35

Respectfully submitted,

By: _____
George Durham
Texas Bar No. 24082940
521 S Broadway St
MCALLEN, TX 78501
Tel. (956) 972-0330
Fax. (956) 972-0353
Attorney for Defendant
Hector Gonzalez

## CERTIFICATE OF SERVICE

I certify that on October 1, 2013 a true and correct copy of Defendant's Motion to Dismiss was served by facsimile transmission on Lance Geppert at 210-855-9990.

_____
George Durham

# Exhibit "A"





# Forfeiture pursuant to Section 171.309 of the Texas Tax Code
## of
# Atenea Capital Markets Fund, L.P.

File Number : 801043165          Certificate / Charter forfeited :   August 02, 2013

The Secretary of State finds that:

1.  The Secretary has received certification from the Comptroller of Public Accounts under Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture of the taxable entity's charter, certificate or registration; and

2.  The Comptroller of Public Accounts has determined that the taxable entity has not revived its forfeited privileges within 120 days after the date that the privileges were forfeited.

Therefore, pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State hereby forfeits the charter, certificate or registration of the taxable entity as of the date noted above and records this notice of forfeiture in the permanent files and records of the entity.





John Steen
Secretary of State

# TEXAS SECRETARY of STATE
# JOHN STEEN

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801043165 | **Entity Type:** | Foreign Limited Partnership |
| **Original Date of Filing:** | October 22, 2008 | **Entity Status:** | Forfeited existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32038196815 | **FEIN:** | |

**Name:** Atenea Capital Markets Fund, L.P.

**Address:** No. 250 Nte. Calazada San Pedro, Colonia Mirav
Monterrey, NL 64660 MEX

**Fictitious Name:** N/A

**Jurisdiction:** , CAN

**Foreign Formation Date:** October 8, 2008

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| 🗎 | 233988670003 | Application for Registration | October 22, 2008 | October 22, 2008 | No | 1 |
| 🗎 | 291613310002 | Application for Amended Registration | January 20, 2010 | January 20, 2010 | No | 2 |
| 🗎 | 493161566406 | Tax Forfeiture | August 2, 2013 | August 2, 2013 | No | 1 |

( Order )   ( Return to Search )

Instructions:

● To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
# JOHN STEEN

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801043165 | **Entity Type:** | Foreign Limited Partnership |
| **Original Date of Filing:** | October 22, 2008 | **Entity Status:** | Forfeited existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32038196815 | **FEIN:** | |

**Name:** Atenea Capital Markets Fund, L.P.

**Address:** No. 250 Nte. Calazada San Pedro, Colonia Mirav
Monterrey, NL 64660 MEX

**Fictitious Name:** N/A

**Jurisdiction:** , CAN

**Foreign Formation Date:** October 8, 2008

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | | **Address** | | | **Inactive Date** |
| M-Corp Consulting, Inc. | | 17655 Henderson Pass #1014 San Antonio, TX 78232 USA | | | |

( Order )  ( Return to Search )

---

Instructions:

 To place an order for additional information about a filing press the 'Order' button.

## NO. <u>2012 CI 13872</u>

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| HECTOR GONZALEZ | § | |
| Defendant. | § | OF BEXAR COUNTY, TEXAS |

## <u>ORDER SETTING HEARING</u>

The above and foregoing Defendant's Motion to Dismiss having been presented and duly considered, the Court is of the opinion that a hearing on same is necessary.

**IT IS THEREFORE ORDERED** that said Motion is set for hearing on October 2nd, 2013 at 8:00 A.M., in the 57TH Judicial District Court of Bexar County, Texas.

**SIGNED** on _____ , 2013.

_____
JUDGE PRESIDING

## NO. <u>2012 CI 13872</u>

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| HECTOR GONZALEZ | § | |
| Defendant. | § | OF BEXAR COUNTY, TEXAS |

## ORDER DISMISSING
## <u>CAUSE OF ACTION</u>

On _____, the Court considered the Defendant's Motion to Dismiss Cause Number 2012 CI 13872 and the arguments of counsel. After due consideration of the Motion, the Response thereto, evidence regarding costs and fees, and the arguments of counsel, the Court finds the motion is due to be **GRANTED** and orders the following:

Cause Number 2012 CI 13872 is **DISMISSED, With Prejudice**.

Attorney fees and costs in the amount of $3,000.00.

Signed on: _____, 2013.


_____
PRESIDING JUDGE

Approved By:


_____
George Durham
Attorney for Defendant Hector Gonzalez
521 S Broadway St
MCALLEN, TX 78501
Tel. (956) 972-0330
Fax. (956) 972-0353

43

Lance Geppert
Attorney for Atenea Capital Markets Fund, LP
Lance Geppert
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
Tel. 210-316-0000
Fax. 210-855-9990


2012CI13872 -P00014

**CAUSE NO 2012-CI-13872**

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| **Plaintiff** | § § § | |
| v. | § § | 57th JUDICIAL DISTRICT |
| | § | |
| GONZALEZ & DUARTE LLC, | § | |
| HECTOR GONZALEZ HERNANDEZ, | § | |
| HERNAN DUARTE MENDEZ, | § | |
| ARACELY DUARTE MENDEZ, | § | |
| ADRIAN RUBIO ENRIQUEZ, | § | |
| EFRAIN ISLAS HERNANDEZ, and | § | |
| EDUARDO DERGAL MERAZ | § | |
| **Defendants** | § | BEXAR COUNTY, TEXAS |

OBJECTION REQUEST FOR CONTINUANCE ON HEARING ON MOTION TO DISMISS

Plaintiff received a copy of the Defendant's Motion to Dismiss at 5:25 pm on October 1, 2013. There was no signed fiat. Pursuant to Local Rules, the Defendant is required to give three days notice of any hearing and the notice provided should be extended three more days in the event that service is by facsimile or mail, and one additional day if the notice is sent by facsimile.

WHEREFORE, the Plaintiff prays that the Court refuse to hear the Defendant's Motion to Dismiss as it does not comply with the Rules.



_____
Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

45

45m

# JUDGE'S NOTES



2012CI13872 -P00015

CAUSE NO.: 2012CI13872      COURT: 057      DATE/TIME: 10/02/2013 08:30AM

SETTING COURT: 109

STYLE: ATENEA CAPITAL MARKET FUND LP
VS. GONZALEZ AND DUARTE LLC ET AL

DISCOVERY LEVEL: 4

ATTORNEY(S) FOR CASE:

LANCE GEPPERT ~ Durham

George Duta

ANTHONY MATULEWICZ

Document scanned as filed.

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
13 OCT -2 AM 9: 39
DEPUTY

TYPE OF MOTION OR APPLICATION:
NON-JURY RESET ON /M/T COMPEL )

CONFERRING_____ ESTIMATE HEARING TIME_____

AGREED ORDER_____ ASSIGNED COURT_____

DROP._____ RECORD TAKEN_____

INTERPRETER_____ RESET DATE_____TIME_____

DATE OF NOTES_____                                    JUDGE INITIALS____

10/2/13 - ∏'s Mot. to Compel - Answers due in 14 days
Pozza. No record                              obj. waived
Sanctions - denied

---

46                PROPERTY OF BEXAR COUNTY DISTRICT CLERK'S OFFICE                (DK510A)


2012CI13872 -D057

## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ Defendants | § § § § § § § § § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING MOTION TO COMPEL INTERROGATORY RESPONSES AND THE PRODUCTION OF DOCUMENTS

After considering the Plaintiff's Motion to Compel Interrogatory Response and the Production of Documents, any response, the pleadings, the Exhibits and any other evidence and argument presented the Court is of the opinion that this Motion to Compel the Production of Documents should be granted.

Accordingly, the Court ORDERS, ADJUDGES, and DECREES the following:

1. that the Defendant provide complete responses to interrogatories by October 16, 2013.

2. That Defendant Hernandez is required to provide documents responsive Plaintiff's First Set of Written Discovery to Defendant Hector Gonzalez Hernandez within his possession custody, and control by October 16, 2013.

So Ordered this $\underline{15}$ of October, 2013

_____
HONORABLE JUDGE KAREN POZZA

**Document scanned as filed.**

47

Respectfully submitted and entry requested by,

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
geppertlaw@grandecom.net

**AGREED AS TO FORM:**

George Durham
State Bar 24082940
George Durham
Matulewicz & Associates
521 Broadway St.
McAllen, Texas 78501
Tel. (956) 972-0330
Fax                          (956)                          972-0353

ATENEA CAPITAL MARKETS          §          IN THE DISTRICT COURT
FUND, LP                        §
                                §
**Plaintiff**                   §
                                §
v.                              §          57th JUDICIAL DISTRICT
                                §
GONZALEZ & DUARTE LLC,          §
HECTOR GONZALEZ HERNANDEZ,      §
HERNAN DUARTE MENDEZ,           §
ARACELY DUARTE MENDEZ,          §
ADRIAN RUBIO ENRIQUEZ,          §
EFRAIN ISLAS HERNANDEZ, and     §
EDUARDO DERGAL MERAZ            §
**Defendants**                  §          BEXAR COUNTY, TEXAS



## RESPONSE TO MOTION TO DISMISS

Comes now Plaintiff, Atenea Capital Market Funds, LP and files this Response to Defendant's Motion to Dismiss and in support thereof states as follows:

### FORFEITURE DOES NOT PREVENT THIS LAWSUIT FROM PROCEEDING

Forfeiture does not prevent the lawsuit from going forward. In the latest amendments to the Code, the Legislature changed the definition of terminated entity. The current definition includes those entities that were terminated dues to tax forfeiture. See Tex. Bus. Org. 4. Furthermore, the termination of the entity does not prevent the bringing or pursuit of a lawsuit. Specifically, the law provides that terminated entities have until three years after their termination to bring lawsuits and can complete those lawsuits brought in those three years or prior to termination. See Tex. Bus. Org. 11.356. It is only if the claim is for something that occurred after forfeiture or if the lawsuit is not brought within the three year "survival" statute, that it is barred. In the present case, at the time the lawsuit was filed, Atenea was in good standing. Thus, the survival statute permits the conclusion of the lawsuit.

**Document scanned as filed.**

## REINSTATMENT

Furthermore, pursuant to law, the entity was reinstated. The Plaintiff is currently in good standing. Thus, the entity has lost whatever deficiency it had under the statute. Once the entity is reinstated, the reinstatement relates back to the point of delinquency, curing same. See e.g., Manning v. Enbridge Pipelines, LP, 345 S.W.3d 718, 723 (Tex. App.--Beaumont 2011, pet. denied). Therefore, the cause continues as if there was never forfeiture/loss of charter.

WHEREFORE, the Plaintiff prays that the Court denies the Defendants' Motion to Dismiss for the above reasons.

On this date, I submit this Response and certify that I have served same on counsel for Defendant via facsimile at (956) 972-0353.

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

50



John Steen
Secretary of State

## Office of the Secretary of State

## CERTIFICATE OF FILING
## OF

### Atenea Capital Markets Fund, L.P.
File Number: 801043165

The undersigned, as Secretary of State of Texas, hereby certifies that the application for reinstatement for the above named entity has been received in this office and has been found to conform to law. It is further certified that the entity has been reinstated to active status on the records of this office.

ACCORDINGLY the undersigned, as Secretary of State, and by virtue of the authority vested in the Secretary by law hereby issues this Certificate of Filing.

Dated: 10/07/2013

Effective: 10/07/2013



John Steen
Secretary of State



ATENEA CAPITAL MARKETS
FUND, LP

Plaintiff

v.

GONZALEZ & DUARTE LLC,
HECTOR GONZALEZ HERNANDEZ,
HERNAN DUARTE MENDEZ,
ARACELY DUARTE MENDEZ,
ADRIAN RUBIO ENRIQUEZ,
EFRAIN ISLAS HERNANDEZ, and
EDUARDO DERGAL MERAZ
Defendants

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

57ᵗʰ JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## SECOND MOTION TO COMPEL DISCOVERY FROM DEFENDANT HECTOR GONZALEZ HERNANDEZ AND FOR SANCTIONS

Comes now Plaintiff Atenea Capital Markets Fund, LP, and files this its Second Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez and For Sanctions and in support thereof, states as follows:

### DISCOVERY SENT

On or about July 29, 2013, the Plaintiff sent written discovery, including interrogatories and requests for production to Defendant Hector Gonzalez Hernandez. A copy of the discovery is attached as <u>Exhibit A</u> and incorporated herein for all purposes. The discovery was received by Defendant (through counsel) and because it was served via certified mail, responses to the discovery were due no later than September 3, 2013. However, responses were never received, timely or otherwise.

On or about September 10, 2013, the undersigned sent a demand to opposing counsel to provide complete responses to the discovery no later than September 14, 2013. No response was ever received. Thus, the Plaintiff has no choice but to submit this matter to the Court to force the Defendant to respond to the discovery requests.

52




Document scanned as filed.

## OBJECTIONS WAIVED

Responses and objections to discovery were due no later than September 3, 2013. The Defendants failed to respond and all objections are waived and any responses provided must be provided without objection.

## MOTION TO COMPEL GRANTED

On or about, the Court heard the Plaintiff's Motion to Compel Discovery from Defendant Hector Gonzalez, and ordered that the Defendant respond to discovery no later than fourteen (14) days from the date of the hearing.

## RESPONSES RECEIVED WHOLLY INADEQUATE

On or about, the Plaintiff received the attached "response" to the discovery requested. See Defendant's Response to Discovery, attached as Exhibit A and incorporated herein for all purposes. No effort was made to provide individual responses to the discovery requested, nor to provide any documents. The responses provided are contemptuous of the order of the Court.

## DISCOVERY RESPONSES NEEDED

The Plaintiff need the requested information to evaluate the case. Moreover, as this case concerns the location and use of certain funds that were and may still be in the possession custody and control of the Defendant, it is crucial that the responses be provided as soon as possible. The Plaintiff incorporates its First Set of Written Discovery, attached to the Motion to Compel, and incorporates same herein by reference.

## FINANCIAL DOCUMENTS REQUESTED

Defense counsel further indicated that he would provide a response to the request for financial authorizations of the client and the entities, because no documents have been provided. No response was received.

53

## COURT SHOULD COMPEL AND SANCTION

This hearing will be scheduled for November 15, 2013. If the Defendant has not provided full responses, the Court should sanction the Defendant for failure to respond and subverting the discovery process. The Defendant has already had the discovery requests for well over ninety days and has failed to provide any meaningful response. Sanctions are warranted when parties fail to respond to written discovery. *See, e.g., Able Sup. v. Moye*, 898 S.W.2d 766,771 (Tex. 1995) and *Swain v. Southwestern Bell Yellow Pages, Inc.*, 998 S.W.2d 731 (Tex. App.--Ft. Worth 1999, no pet.). In the present case, the Defendant failed to answer discovery. Attorneys fees are among the explicitly authorized sanctions and in the present case, movant has already expended time and expense sending a reminder correspondence and drafting and filing this motion and the previous motion to compel.

The Plaintiff requests that the Court award five thousand dollars ($5,000.00), which is the amount of attorneys Plaintiff claims it has expended towards discovery in this case, which includes the two hearings, in sanctions in this case. Furthermore, the Plaintiff desires to pursue greater sanctions for the Defendant's failure to follow the Court's orders and answer discovery. *See Cire v. Cummings*, 134 S.W.3d 835, 840-41 (Tex. 2004). (in the case of egregious discovery misconduct, court not required to consider lesser sanction before imposing "death penalty" sanctions). The Plaintiff requests that the Court consider imposing death penalty sanction or, at the least, that it admonish that any further failure to comply completely with the discovery requests will result in the Court striking the Defendant Gonzalez' answer and rendering judgment, for the reason that the Defendant's conduct justifies a presumption that the defenses lack merit. *See Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996).

WHEREFORE, premises considered, the Plaintiff prays that the Court enter an order confirming that all Defendant Hector Gonzalez Hernandez' objections to discovery are

54

waived, order that the Defendant is sanctioned in the amount of five thousand dollars ($5,000.00), strike the Defendant's answer, or order Defendant Hector Gonzalez Hernandez to respond fully to discovery no later than November 22, 2013 and admonish Defendant that any further failure to respond will result in death penalty sanctions, and for such other relief may be necessary to do justice in this matter.

Respectfully submitted and certified served via facsimile on counsel for Hector Gonzalez Hernandez via facsimile on November 8, 2013 by:

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

| ATENEA CAPITAL MARKETS FUND, LP | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| HECTOR GONZALEZ | § | |
| Defendant. | § | OF BEXAR COUNTY, TEXAS |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 192 and 193 of the Texas Rules of Civil Procedure, Defendant Hector Gonzalez hereby responds to Plaintiff Atenea Capital Markets Fund, LP's (Atenea) First Set of Interrogatories and Request for Production of Documents as follows.

## GENERAL OBJECTIONS

1. Defendants object to Plaintiff's "Instructions" and "Definitions" to the extent they purport to impose discovery obligations that differ from or exceed the discovery obligations imposed by the Texas Rules of Civil Procedure.

2. Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they seek information protected by the attorney-client privilege, the work-product privilege, or any other privilege, protection, or immunity applicable under the governing law.

3. Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they are overly broad,

unduly burdensome, oppressive, and/or seek information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

4. These General Objections are made, to the extent applicable, in response to each of the Interrogatories and Requests for Production of Documents as if the objections were fully set forth therein.

5. Defendant responds to each of the Interrogatories and Requests for Production of Documents based upon information and documentation available as of the date hereof and reserve the right to supplement and amend their responses.

**INTERROGATORY NO's 1-14:**

**RESPONSE:**

Defendant was not authorized to handle nor did Defendant have direct knowledge of the subject matter referred to in these interrogatories. Defendant was not privy to the information requested. To Defendant's best knowledge, Hernan Duarte was responsible for the negotiation and implementation of any actions accruing between Atenea and Gonzalez & Duarte. His last known address is Paseo de las Selvas, 125 Colonia Le Rioja, Monterrey, Nuevo Leon. Due to the involuntary sequestration from other defendants named in this suit, Defendant cannot access the information requested.

Defendant's sole involvement in the enterprise with Atenea was to present potential clients with Atenea's investment amongst other available investments and put them in contact with Hernan Duarte. Defendant is no longer privy to the information gained by Mr. Duarte.

Although defendant no longer has documents relating to his employment, when he initially went into business with Mr. Duarte in Gonzalez and Duarte, SC, he had a 35% share of the enterprise. However, the current status of other members of the company, or whether the company itself is operating is unknown.

## REQUESTS FOR PRODUCTION NO'S 1-18

**RESPONSE:** Defendant is unable to obtain any documents in connection with this action. It is believed that Hernan Duarte would have direct access to these documents. His last known address is Paseo de las Selvas, 125 Colonia Le Rioja, Monterrey, Nuevo Leon.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and Request for Production was served, via electronic correspondence and via regular mail, upon Lance Geppert, attorney for Plaintiff, lgeppert@grandecom.net, 1900 Tower Life Building, 310 South St. Mary's Street, Suite 1900, this 16th day of October, 2013.

_____/s_____

George Durham
Attorney for Defendant Hector Gonzalez
521 S Broadway St
MCALLEN, TX 78501
Tel. (956) 972-0330
Fax. (956) 972-0353

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § | 57th JUDICIAL DISTRICT |
| | § | |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ | § § § § § § § § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## FIAT SETTING HEARING

PLAINTIFF'S Second Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez is hereby set at 8:30 a.m. on November 15, 2013 at the Presiding District Court, Bexar County, Texas, 100 Dolorosa, Suite 1.09, 1st Floor, Bexar County Courthouse, San Antonio, Texas 78205.

NOV 0 8 2013

JOHN D. GABRIEL, JR.
JUDGE PRESIDING
131ST DISTRICT COURT

_____
Judge Presiding

Hearing requested and notice of hearing will be served in accordance with the Rules of Texas Civil Procedure on November 8, 2013 by:

_____
Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net


2012CI13872 -P00023

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2013 NOV 21  A 8: 01

DEPUTY



NO. <u>2012 CI 13872</u>

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| HECTOR GONZALEZ | § | |
| Defendant. | § | OF BEXAR COUNTY, TEXAS |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
### FROM DEFENDANT HECTOR GONZALEZ HERNANDEZ AND FOR SANCTIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant, Hector Gonzalez, and responds to Plaintiff's Second Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez and for Sanctions and states as follows:

1.  Plaintiff, Atenea Capital Markets Fund, L.P. has previously filed a motion to compel discovery against Defendant, Hector Gonzalez. The court heard the matter On October 2nd 2013 and set a deadline for response 14 days afterward. On October 16th, Defendant submitted responses to discovery, as attached in Plaintiff's aforementioned motion.

2.  Plaintiff complains that the responses and documents requested in discovery have not been responded to or are wholly inadequate. This is predicated on the assumption that Defendant is able to obtain these documents and must be lying. However, as noted in the discovery responses and correspondence with Plaintiff's attorney, the Defendant no longer has access to any documents needed to complete discovery because Defendant does not live in Mexico and is no longer associated with the co-defendants. The co-defendants have cut off communication with Defendant and have prevented him from being able to answer discovery.

**Document
scanned as filed.**

Moreover, Defendant Hector Gonzalez was not directly involved with the planning and execution of the investment packages with Atenea. Defendant's only contact was to alert investors of the investment vehicle along with other investment products, but his role did not extend to management control needed to complete the actions complained of by Plaintiff. He did not have the necessary access to the documents needed by Plaintiff.

3.  To Defendant's knowledge, Plaintiff has been unable to obtain service on the co-defendants. It would be premature to accuse Defendant of intentionally not responding to discovery when other necessary parties who have direct access to the necessary documents and accounts are not participating. Both Defendant, Hector Gonzalez, and Plaintiff, Atenea, have the same problem in that the true wrongdoer's are unreachable.

4.  Plaintiff has submitted documents for authorization into unspecified accounts on November 20, 2013. Although Defendant is just as ignorant on the nature of the information sought as Plaintiff, Defendant will attempt to help Plaintiff obtain further information. Unfortunately, due to their receipt on the eve of court they have not been executed yet, however Defendant will attempt in good faith to furnish access to the relevant accounts.

**WHEREFORE**, Defendant requests this Honorable Court to deny Plaintiff's motion and withhold judgment until the other Defendants are properly served, for attorney fees, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By: _____/s/_____
George Durham
Texas Bar No. 24082940
521 S Broadway St

MCALLEN, TX 78501
Tel. (956) 972-0330
Fax. (956) 972-0353
Attorney for Defendant
Hector Gonzalez

## CERTIFICATE OF SERVICE

I certify that on November 20, 2013 a true and correct copy of the forgoing was served via electronic mail on Lance Geppert.

_____/s/_____
George Durham

# 30M

# JUDGE'S NOTES



2012CI13872_-P00025

CAUSE NO.: 2012CI13872    COURT: 057    DATE/TIME: 11/21/2013 08:30AM

SETTING COURT: 109

STYLE: ATENEA CAPITAL MARKET FUND LP
VS. GONZALEZ AND DUARTE LLC ET AL

DISCOVERY LEVEL: 4

ATTORNEY(S) FOR CASE:

LANCE GEPPERT                              ANTHONY MATULEWICZ

TYPE OF MOTION OR APPLICATION:
 NON-JURY RESET - 2ND AMENDED M/T COMPEL

CONFERRING_____ ESTIMATE HEARING TIME_____

AGREED ORDER_____ ASSIGNED COURT_____

DROP_____ RECORD TAKEN_____

INTERPRETER_____ RESET DATE_____TIME_____

DATE OF NOTES 11/21/13                         JUDGE INITIALS_____

2ⁿᵈ M/ Compel (against Gonzalez)
Granted respond in 30 days ~ due Dec. 6
on Dec. 6
A.F. $500.00 due in 30 days from Gonzalez, g'⁻ʸ.

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

13 NOV 21 AM 8: 57

BY _____ DEPUTY

**Victoria L. Gonzalez**
**Official Reporter**
**150th District Court**

PROPERTY OF BEXAR COUNTY DISTRICT CLERK'S OFFICE                    (DK510A)



2012CI13872 -D057

<u>CAUSE NO 2012-CI-13872</u>

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ | § § § § § § § § § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

### <u>ORDER GRANTING SECOND MOTION TO COMPEL INTERROGATORY RESPONSES AND THE PRODUCTION OF DOCUMENTS</u>

After considering the Plaintiff's Motion to Compel Interrogatory Response and the Production of Documents, any response, the pleadings, the Exhibits and any other evidence and argument presented the Court is of the opinion that this Motion to Compel the Production of Documents should be granted.

Accordingly, the Court ORDERS, ADJUDGES, and DECREES the following:

1. That responses to the proffered discovery are untimely and all objections to the responses to the Plaintiff's First Set of Written Discovery are waived.

2. that the Defendant provide **complete responses to all interrogatories**, including the following, within ten (10) days of the entry of this order:

   a. All payment ever received by or on behalf of Hector Gonzalez Hernandez (Int 4)

   b. All information concerning stock purchases and sales made by Atenea or Gonzalez & Duarte, including specifically purchases from the IFX global markets (Int 3)

   c. All payments made by investors into Atenea accounts (Int 1)

Document scanned as filed.

65

d.     All information pertaining to Atenea investor certificates (Int 2)

e.     All assets owned by Atenea (Int 5, 6)

f.     All assets Gonzalez and Duarte, LLC and Gonzalez & Duarte, S.C. are holding for or on behalf of Atenea (Int 5,6)

g.     Communications with investors (Int 8)

h.     information requested concerning Hector Gonzalez Hernandez qualifications and relation to Atenea (Int 9, 10, and 11)

I.     Information concerning Gonzalez & Duarte relations with Atenea (Int. 12)

j.     Information concerning persons involved with Gonzalez & Duarte (Int. 13 and 14)

3.     That Defendant Hernandez is required to provide **ALL documents responsive Plaintiff's First Set of Written Discovery to Defendant Hector Gonzalez Hernandez within his possession custody, and control ~~within ten (10)~~ by December 2, 2013 ano. days of the signing of this order**, including specifically, personal and corporate banking records, communications, stock records, investment records, and other records. The Court finds, that unless the Defendant Hernandez objectively proves otherwise, that he has possession custody and control over all banking and financial records of Plaintiff Atenea, Gonzalez & Duarte, LLC (of which he is a named member) and Gonzalez & Duarte, S.C. (of which he is a named member).

4.     Furthermore, the Court finds that the Defendant Hector Gonzalez Hernandez has subverted the discovery process and the progression of this lawsuit by failing to timely submit discovery responses. The Court finds that discovery was sent on or about July 29, 2013 . The Court finds that discovery was due on or about September 3, 2013. The Court Court finds that the Defendant Hector Gonzalez Hernandez has violated Texas Rule of Civil Procedure 215(3) (A) and (B) by failing to provide non evasive and complete answers to interrogatories that

66

were propounded by the Plaintiff. The Court finds that the supposed answers to discovery that were provided were so inadequate as to constitute willful discovery abuses.

5. The Court finds that the sanction sought, attorneys fees, bears direct relation to the conduct of Defendant in failing to answer discovery, which has necessitate this hearing. The Court finds that the Defendant Hector Gonzalez Hernandez has been provided reasonable notice by the Plaintiff of its intent to seek discovery sanctions and an order compelling discovery.

6. Therefore, the Court sanctions the Defendant Hector Gonzalez Hernandez $ _500_, an amount that the Court determines is a just and necessary sanction based upon the repeated failure of the Defendant Hector Gonzalez Hernandez to respond to discovery requests and the inadequacy of discovery requests. The Court finds that payment must be paid to ___Lance Geppert___ and on behalf of _December 2, 2013_ no later than November 25, 2013.

7. Furthermore, pursuant to Texas Rule of Civil Procedure 215(d) the Court further will set a hearing for November 25, 2013 at 8:30 in the Presiding Court of Bexar County, Texas, to determine what the reasonable expenses of the Plaintiff were (including attorneys fees) in obtaining this order, unless the Court finds that the opposition to the motion to compel was substantially justified or unless other circumstances make the award unjust.

7. Further, the Court finds that the Defendant has abused the discovery process and cautions the Defendant that this order is a modest sanction meant to enforce compliance with the discovery rules and that any further abuse of the discovery process will create a presumption that the defenses of Hector Gonzalez Hernandez lack merit and result in death penalty sanctions.

67

So Ordered this __21__ of ~~October~~ November, 2013

_____
JUDGE PRESIDING

Respectfully submitted and entry requested this November 15, 2013 by,

_____
Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
GEPPERTLAW@GRANDECOM.NET

**AGREED AS TO FORM:**

Michael Ireland
24083229



## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| **Plaintiff** | § § § | |
| v. | § § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ **Defendants** | § § § § § § § § § | BEXAR COUNTY, TEXAS |

### THIRD MOTION TO COMPEL DISCOVERY FROM DEFENDANT HECTOR GONZALEZ HERNANDEZ AND FOR SANCTIONS

Comes now Plaintiff Atenea Capital Markets Fund, LP, and files this its Third Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez and For Sanctions and in support thereof, states as follows:

**DISCOVERY SENT**

Document scanned as filed.

On or about July 29, 2013, the Plaintiff sent written discovery, including interrogatories and requests for production to Defendant Hector Gonzalez Hernandez. A copy of the discovery is attached as Exhibit A and incorporated herein for all purposes. The discovery was received by Defendant (through counsel) and because it was served via certified mail, responses to the discovery were due no later than September 3, 2013. However, responses were never received, timely or otherwise.

On or about October 2, 2013, the Court heard Plaintiff's Motion to Compel and Judge Pozza ordered that the Defendants must provide complete responses to discovery by October 16, 2013. On or about November 20, 2013, the Court heard Plaintiff's Second Motion to Compel and Judge Littlejohn again ordered Defendant to provide complete responses, this

time by December 2, 2013. The Defendant has continued to fail to respond to the Plaintiff's discovery request, and thus this matter is submitted again for Court intervention.

## OBJECTIONS WAIVED

Responses and objections to discovery were due no later than September 3, 2013. The Defendants failed to respond and all objections are waived and any responses provided must be provided without objection.

## RESPONSES RECEIVED WHOLLY INADEQUATE

On or about December 2, 2013, the Plaintiff received the attached documents from counsel for Defendant. See Defendant's Response to Discovery, attached as Exhibit A and incorporated herein for all purposes. No effort was made to provide individual responses to the discovery requested, nor to provide any other documents documents, despite the fact that the Court has correctly ordered that any objections are untimely and overruled. The responses provided are contemptuous of the order of the Court.

## DISCOVERY RESPONSES NEEDED

The Plaintiff need the requested information to evaluate the case. Moreover, as this case concerns the location and use of certain funds that were and may still be in the possession custody and control of the Defendant, it is crucial that the responses be provided as soon as possible. The Plaintiff incorporates its First Set of Written Discovery, attached to the Motion to Compel, and incorporates same herein by reference.

## FINANCIAL DOCUMENTS REQUESTED

Defense counsel further indicated that he would provide a response to the request for financial authorizations of the client and the entities, because no documents have been provided. Despite the failure to provide documents, no authorization has been signed.

## SANCTION WARRANTED

This hearing will be scheduled for December 20, 2013. By the time of the hearing, the

70

responses will have been overdue by over one hundred (100) days. If the Defendant has not provided full responses, the Court should sanction the Defendant for failure to respond and subverting the discovery process. Sanctions are warranted when parties fail to respond to written discovery. *See, e.g., Able Sup. v. Moye*, 898 S.W.2d 766,771 (Tex. 1995) and *Swain v. Southwestern Bell Yellow Pages, Inc.*, 998 S.W.2d 731 (Tex. App.--Ft. Worth 1999, no pet.). In the present case, the Defendant failed to answer discovery. Attorneys fees are among the explicitly authorized sanctions and in the present case, movant has already expended time and expense sending a reminder correspondence and drafting and filing this motion and the previous motions to compel.

The Plaintiff requests that the Court award five thousand dollars ($5,000.00), which is the amount of attorneys Plaintiff claims it has expended towards discovery in this case, which includes the three hearings, including the requests for sanctions in this case. In the present case, the Court has heard discovery motions in October, November, and, now, December, and the Defendant has failed to answer the discovery requests that were provided to his counsel. The Defendant apparently has access to at least some of the requested documents, and is selectively producing documents that he believes supports his case, despite the fact that he did not timely object to any requested discovery.

Furthermore, the Plaintiff desires to pursue greater sanctions for the Defendant's failure to follow the Court's orders and answer discovery. *See Cire v. Cummings*, 134 S.W.3d 835, 840-41 (Tex. 2004). (in the case of egregious discovery misconduct, court not required to consider lesser sanction before imposing "death penalty" sanctions). The Plaintiff requests that the Court consider imposing death penalty sanctions and strike the Defendant's pleading. The Court has previously admonished the Defendant that any further failure to comply completely with the discovery requests may result in the Court striking the Defendant Gonzalez' answer and rendering judgment, for the reason that the Defendant's conduct

justifies a presumption that the defenses lack merit. *See Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996).

WHEREFORE, premises considered, the Plaintiff prays that the Court enter an order confirming that all Defendant Hector Gonzalez Hernandez' objections to discovery are waived, order that the Defendant is sanctioned in the amount of five thousand dollars ($5,000.00), strike the Defendant's answer, or order Defendant Hector Gonzalez Hernandez to respond fully to discovery no later than December 30, 2013 and admonish Defendant that any further failure to respond will result in death penalty sanctions, and for such other relief may be necessary to do justice in this matter.

Respectfully submitted and certified served via facsimile on counsel for Hector Gonzalez Hernandez via facsimile on December 10, 2013 by:

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

72

CHASE ○

October 30, 2010 through November 30, 2010
Account Number: 000000858125701

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 11/01 | 11/01 Online Wire Transfer Via: Tib Dallas/111010170 A/C: Libertad Bank Ssb Austin TX 78704 USA Ref: Flo: Atenea Capital Markets Fund Lp, Account Number 3634/Bnf/Flo: Atenea Capital Markets Fund Lp , Account Number 3634 Imad: 1101B1Qgc08C003115 Tm: 1282300305Es | $30,000.00 |
| 11/01 | 11/01 Online Wire Transfer Via: Tib Dallas/111010170 A/C: Libertad Bank Ssb Austin TX 78704 USA Ref: Flo: Gonzalez Duarte Llc, Account Number 3781/Bnf/Flo: Gonzalez Duarte Llc, Account Number 3781 Imad: 1101B1Qgc06C005419 Tm: 1311500305Es | 15,000.00 |
| 11/08 | 11/08 Online Wire Transfer Via: Lone Star Phan/114911887 A/C: Hv Beta Estate Llc Texas TX 78232 USA Ref/Time/17:11 Imad: 1108B1Qgc04C006821 Tm: 1598500312Es | 75,000.00 |
| 11/10 | 11/10 Online Wire Transfer Via: Tib Dallas/111010170 A/C: Libertad Bank Ssb Austin TX 78704 USA Ref: Flo: Gonzalez Duarte Llc, Account Number 3781/Bnf/Flo: Gonzalez Duarte Llc, Account Number 3781 Imad: 1110B1Qgc08C001722 Tm: 0146000314Es | 80,000.00 |
| 11/12 | 11/12 Online Wire Transfer Via: Tib Dallas/111010170 A/C: Libertad Bank Ssb Austin TX 78704 USA Ref: Flo: Gonzalez Duarte Llc, Account Number 3781/Bnf/Flo: Gonzalez Duarte Llc, Account Number 3781 Imad: 1112B1Qgc04C002573 Tm: 0403600316Es | 75,000.00 |
| 11/12 | 11/12 Online Wire Transfer Via: Tib Dallas/111010170 A/C: Libertad Bank Ssb Austin TX 78704 USA Ref: Flo: Atenea Capital Fund, Account Number 3634/Bnf/Flo: Atenea Capital Fund, Account Number 3634 Imad: 1112B1Qgc07C004883 Tm: 0741000316Es | 24,000.00 |
| 11/15 | 11/15 Online Wire Transfer Via: Tib Dallas/111010170 A/C: Libertad Bank Ssb Austin TX 78704 USA Ref: Flo: Gonzalez Duarte Llc, Account Number 3781/Bnf/Flo: Gonzalez Duarte Llc, Account Number 3781 Imad: 1115B1Qgc07C005082 Tm: 0948600319Es | 82,000.00 |
| 11/18 | 11/18 Online Wire Transfer Via: Tib Dallas/111010170 A/C: Libertad Bank Ssb Austin TX 78704 USA Ref: Flo: Gonzalez Duarte Llc, Account Number 3781/Bnf/Flo: Gonzalez Duarte Llc, Account Number 3781 Imad: 1118B1Qgc07C005102 Tm: 0811100322Es | 1,000.00 |
| 11/30 | 11/30 Online Wire Transfer A/C: Banco Inbursa Sa C.P.14080 Mexico D.F Mexico Tm: 1202100334Es | 80,000.00 |

Total Electronic Withdrawals **$482,000.00**

## FEES AND OTHER WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 11/03 | Service Charges For The Month of October | $83.39 |

Total Fees & Other Withdrawals **$83.39**

## DAILY ENDING BALANCE

| DATE | AMOUNT |
|------|--------|
| 11/01 | $337,093.11 |
| 11/03 | 337,009.72 |
| 11/08 | 262,009.72 |
| 11/10 | 182,009.72 |
| 11/12 | 83,009.72 |
| 11/15 | 1,009.72 |
| 11/18 | 9.72 |
| 11/28 | 80,009.72 |
| 11/30 | 2,657.01 |

## PAGOS Y DEPOSITO

| CONCEPTO | BANCO | FECHA | MONTO |
|---|---|---|---|
| PAGO PRESTAMO HVBELLA CASA | LSNB | nov 26, 2010 | 80,000.00 |
| PAGO PRESTAMO CASA | ARKA | dic 1, 2010 | $39,262.80 |
| PAGO PRESTAMO CASA | CHASE | ene 19, 2011 | 20,000.00 |
| PAGO PRESTAMO CASA | LSNB | feb 25, 2011 | 6,000.00 |
| PAGO PRESTAMO CASA | CHASE | feb 25, 2011 | 4,000.00 |
| LIQUIDATION CASA E INVERSION | LIBERTY | mar 7, 2011 | $39,000.00 |
| INVERSION | G&D NOMINA | abr 5, 2011 | 11,200.00 |
| INVERSION | CHASE | jun 9, 2011 | $5,100.00 |

**$204,562.80**

## PRESTAMO Y ADEUDO

| CONCEPTO | BANCO | FECHA | MONTO |
|---|---|---|---|
| CREDITO P/ PAGO CASA (HV BELLA) | CHASE | nov 8, 2013 | 75,000.00 |
| CREDITO PARA LA CASA | LIBERTY | dic 8, 2010 | 15,000.00 |
| CREDITO PARA LA CASA | CHASE | dic 13, 2010 | 40,000.00 |
| CREDITO PARA LA CASA | CHASE | ene 7, 2011 | $50,000.00 |

**$180,000.00**

74

Date 11/30/10         Page   1
Primary Account     2561735
Enclosures

HV BELLA ESTATE LLC
2604 CHARLESTON DR
PHARR TX. 78577-0000

## CHECKING ACCOUNTS

| Totally Free Business Checking | | Truncated Statement | |
|---|---|---|---|
| Account Number | 2561735 | Statement Dates 11/01/10 thru 11/30/10 | |
| Previous Balance | 55,000.00 | Days in the statement period | 30 |
| 1 Deposits/Credits | 75,000.00 | Average Ledger | 73,344.64 |
| 6 Checks/Debits | 127,000.00 | Average Collected | 73,344.64 |
| Service Charge | .00 | | |
| Interest Paid | .00 | | |
| Current Balance | 3,000.00 | | |

Deposits and Additions

| Date | Description | Amount |
|---|---|---|
| 11/08 | Wire Transfer Credit | 75,000.00 |
| | ATENEA CAPITAL MARKETS FUND LP | |
| | CALZADA SAN PEDRO 250 NORTE CO | |
| | MIRAVALLE | |
| | MONTERREY NOEVO LEON,64660 | |

Debits and Other Withdrawals

| Date | Description | Amount |
|---|---|---|
| 11/08 | Wire Transfer Fee | 5.99- |
| 11/18 | Manual Funds Transfer | 5,681.83- |
| | as per hector gonzlaez | |
| 11/26 | as per hector gonzalez | 80,000.00- |
| | to make wire transfer | |
| 11/26 | Manual Funds Transfer | 7,000.00- |

--- CHECKS IN NUMBER ORDER ---

| Date | Check No | Amount | Date | Check No | Amount |
|---|---|---|---|---|---|
| 11/03 | | 1,525.29 | 11/12 | | 32,786.89 |

* Denotes missing check numbers

Totally Free Business Checking          2561735   (Continued)

Daily Balance Information

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 11/01 | 55,000.00 | 11/08 | 128,468.72 | 11/18 | 90,000.00 |
| 11/03 | 53,474.71 | 11/12 | 95,681.83 | 11/26 | 3,000.00 |

The current Non-Sufficient Funds Fee is $34.99. Your account will accrue interest on an overdraft at the rate of 17.50% (calculated as an annual percentage rate) from the date of the overdraft until the balance is paid in full.

HECTOR GONZALEZ HERNANDEZ POD
2604 CHARLESTON DR
PHARR TX  78577-0000

CHECKING ACCOUNTS

FREE Checking                          Truncated Statement
Account Number        3400012912       Statement Dates  11/04/10 thru 12/05/10
Previous Balance          812.97       Days in the statement period        32
  6 Deposits/Credits   106,661.83       Average Ledger                3,882.75
 12 Checks/Debits      105,092.94       Average Collected             3,882.75
Service Charge               .00
Interest Paid                .00
Current Balance         2,381.86

|  | Total For This Period | Total Year-to-Date |
|---|---|---|
| Overdraft item fees year to date | $.00 | $35.00 |
| Return item fees year to date | $.00 | $.00 |

Deposits and Additions
| Date | Description | Amount |
|---|---|---|
| 11/10 | Wire Transfer Credit GONZALEZ & DUARTE LLC CALZADA SAN PEDRO # 250 NORTE COL. MIRAVALLE MONTERREY NUEVO LEON 64660 AUSTIN- LIBERTAD BK SSB | 3,980.00 |
| 11/18 | Manual Funds Transfer as per hector gonzlaez | 5,681.83 |

FREE Checking                              3400012912   (Continued)

Deposits and Additions
| Date  | Description                          | Amount    |
|-------|--------------------------------------|-----------|
| 11/18 | Trsf from SAV PERS          0002     | 3,000.00  |
|       | Confirmation number 1118100201       |           |
| 11/19 | Wire Transfer Credit                 | 7,000.00  |
|       | HECTOR GONZALEZ HERNANDEZ             |           |
|       | C/O FALCON INT. BANK ATTN: KAR       |           |
|       | 2200 BOCA CHICA BLVD SUITE 100       |           |
|       | BROWNSVILLE TX 78521                 |           |
| 11/26 | as per hector gonzalez               | 80,000.00 |
|       | to make wire transfer                |           |
| 11/26 | Manual Funds Transfer                | 7,000.00  |

Debits and Other Withdrawals
| Date  | Description                          | Amount      |
|-------|--------------------------------------|-------------|
| 11/10 | Wire Transfer Debit                  | 2,000.00-   |
|       | HECTOR GONZALEZ HERNANDEZ            |             |
|       | 113000609                            |             |
|       | 840052120                            |             |
|       | 2604 CHARLESTON DR                   |             |
|       | PHARR TEXAS 78577                    |             |
|       | JP MORGAN CHASE                      |             |
|       | PHARR TEXAS                          |             |
| 11/10 | Wire Transfer Fee                    | 19.99-      |
| 11/10 | Wire Transfer Fee                    | 5.99-       |
| 11/15 | PAYMENT    BANKCARD                  | 1,000.00-   |
|       | \TEL                                 |             |
| 11/19 | Wire Transfer Debit                  | 8,000.00-   |
|       | LIBERTAD BANK SSB                    |             |
|       | 111010170                            |             |
|       | 1019447                              |             |
|       | 512 E RIVERSIDE DR STE 100           |             |
|       | AUSTIN TX 78704                      |             |
|       | TIB BANK                             |             |
|       | IRVING TX                            |             |
|       | F/C GONZALEZ & DUARTE LLC            |             |
|       | ACCT#3781                            |             |
|       | CALZADA SAN PEDRO #250 NORTE C       |             |
|       | MIRAVALLE MONTERREY NL 64660         |             |
| 11/19 | Wire Transfer Fee                    | 19.99-      |
| 11/19 | Wire Transfer Fee                    | 5.99-       |
| 11/26 | Wire Transfer Debit                  | 80,000.00-  |
|       | CAPITAL MARKETS FUND LP              |             |

FREE Checking                          3400012912  (Continued)

Debits and Other Withdrawals
Date     Description                              Amount
         111000614
         858125701
         1777 NE LOOP 410 STE 600
         SAN ANTONIO TEXAS
         JP MORGAN CHASE
         MCALLEN TEXAS
11/26    Wire Transfer Debit                    14,000.00-
         LIBERTAD BANK SSB
         111010170
         1019447
         512 RE RIVERSIDE DR STE 100
         AYSTIN TEXAS
         INDEPENDENT BANKER
         IRVING TX
         FFC GONZALEZ & DUARTE LLC # 37
11/26    Wire Transfer Fee                          19.99-
11/26    Wire Transfer Fee                          19.99-
12/03    Debit/ATM Cd Handling Fee                   1.00-

Daily Balance Information
| Date | Balance | Date | Balance | Date | Balance |
| --- | --- | --- | --- | --- | --- |
| 11/04 | 812.97 | 11/18 | 10,448.82 | 12/03 | 2,381.86 |
| 11/10 | 2,766.99 | 11/19 | 9,422.84 | | |
| 11/15 | 1,766.99 | 11/26 | 2,382.86 | | |

The current Non-Sufficient Funds Fee is $34.99. Your account will accrue interest
on an overdraft at the rate of 17.50% (calculated as an annual percentage rate)
from the date of the overdraft until the balance is paid in full.

CASA DE BOLSA ARKA SA DE CV <facturacion@mail.cbarka.com.mx> 1 de diciembre de 2010 3:07 p.m.
Para: h.gonzalez@gdmm.com.mx
Documento Electrónico

1 archivo adjunto, 58 KB

Para: HECTOR GONZALEZ HERNANDEZ

Adjunto a este mensaje encontrará el Comprobante Fiscal Digital (representación gráfica) serie CBV folio 31013 emitido por CASA DE BOLSA ARKA S A DE C V para HECTOR GONZALEZ HERNANDEZ con fecha de 2010-12-01T15:00:18.

Atentamente -
CASA DE BOLSA ARKA S A DE C V

CASA DE BOLSA Arka

Casa de Bolsa Arka, S.A. de C.V.
CBA870131EH0
Emilio Castelar No. 75, 1er. piso, Col. Polanco Chapultepec
C.P. 11560, México, D.F. Teléfono (55)5023 1500
www.cbarka.com.mx

COMPROBANTE FISCAL DIGITAL

FACTURA No. CBV 31013
No APROBACION: 85403
Año APROBACION: 2010
No. CERTIFICADO: 00001000001010818000
FECHA: 01/12/2010 15:00:18

NOMBRE: HECTOR GONZALEZ HERNANDEZ
DOMICILIO: CALLE CALZADA SAN PEDRO

R.F.C. GOHH761116D2
R.F.C. 0000286134

VENTA (X)   COMPRA ( )   CANTIDAD

TIPO DE VALOR   TRANSFERENCIA [X]   IMPORTE
DEBITO [ ]
EFECTIVO [ ]   TIPO DE CAMBIO
T.C.H [ ]

CUATROCIENTOS NOVENTA Y NUEVE MIL NOVECIENTOS NOVENTA Y NUEVE PESOS 00/100 M N

| CANTIDAD | DESCRIPCION | DIVISA | CANTIDAD | TIPO DE CAMBIO | MONTO TOTAL |
|---|---|---|---|---|---|
| 1 | TRF ATENEA CAPITAL MARKETS FUND L.P. 854125701 JPMORGAN CHASE BANK, NATIONAL ASSOCIATIO 111600514 MCALLEN TX | USD | 39,353.60 | 12.4800 | 489,999.00 |
| 1 | DEP BBV BANCO BILBAO VIZCAYA | MXP | 489,829.00 | 1.0000 | 489,999.00 |

Esta factura no es comprobante de pago

El cliente manifiesta que los recursos son de procedencia licita

SELLO DIGITAL

CADENA ORIGINAL

Pago en una sola Exhibición

Página 1 de 1

Este documento es una impresión de un comprobante fiscal digital

ESTIMADO CLIENTE O PROVEEDOR, LE COMUNICAMOS QUE DURANTE EL MES DE NOVIEMBRE ESTAREMOS MUDANDO PARTE DE NUESTRO PERSONAL UBICADO EN LAS OFICINAS DE EMILIO CASTELAR 75 Y REFORMA 365 A NUESTRAS NUEVAS OFICINAS EN

HECTOR GONZALEZ HERNANDEZ POD
2604 CHARLESTON DR
PHARR TX   78577-0000

## CHECKING ACCOUNTS

FREE Checking                                    Truncated Statement
Account Number           3400012912      Statement Dates    2/04/11 thru  3/03/11
Previous Balance          1,771.80       Days in the statement period        28
   1 Deposits/Credits      5,741.00      Average Ledger               4,772.84
   4 Checks/Debits         6,026.98      Average Collected            4,772.84
Service Charge                  .00
Interest Paid                   .00
Current Balance           1,485.82


Deposits and Additions
Date     Description                                      Amount
 2/10    Wire Transfer Credit                           5,741.00
         GONZALEZ & DUARTE LLC
         CALZADA SAN PEDRO # 250 NORTE
         COL. MIRAVALLE MONTERREY NL 64
         AUSTIN- LIBERTAD BK SSB

Debits and Other Withdrawals
Date     Description                                      Amount
 2/10    Wire Transfer Fee                                 5.99-
 2/25    Wire Transfer Debit                           6,000.00- ✓
         ATENEA CAPITAL MARKETS FUND LP
         113000609
         858125701
         1777 NE LOOP 410 SUITE 600
         SAN ANTONIO TX 78217
         JP MORGAN CHASE
         MCALLEN TEXAS
 2/25    Wire Transfer Fee                                19.99-
 3/03    Debit/ATM Cd Handling Fee                         1.00-

81

FREE Checking                         3400012912   (Continued)

Daily Balance Information
| Date | Balance | Date | Balance |
|------|---------|------|---------|
| 2/04 | 1,771.80 | 2/25 | 1,486.82 |
| 2/10 | 7,506.81 | 3/03 | 1,485.82 |

Customer Message: The current Non-Sufficient Funds Fee is $34.99. Your account will accrue interest on an overdraft at the rate of 17.50% (calculated as an annual percentage rate) from the date of the overdraft until the balance is paid in full.

82

Marzo 07/2011

Libertad Bank
Atn. Yesenia Foshee

Por medio de la presente solicito de la manera mas atenta sea realizado el siguiente traspaso :

| Cliente | No. De Cuenta | Monto |
|---|---|---|
| Atenea Capital Markets Fund, L.P. | 3634 | $ 39,000.00 |

Favor de retirar esta cantidad de la cuenta # 1019816 a nombre de Hector Gonzalez
para la realización de este movimiento.

Atentamente

Hector Gonzalez



CAUSE NO 2012-CI-13872

| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
|---|---|---|
| **Plaintiff** | § § | |
| **v.** | § § | 57th JUDICIAL DISTRICT |
| | § | |
| GONZALEZ & DUARTE LLC, | § | |
| HECTOR GONZALEZ HERNANDEZ, | § | |
| HERNAN DUARTE MENDEZ, | § | |
| ARACELY DUARTE MENDEZ, | § | |
| ADRIAN RUBIO ENRIQUEZ, | § | |
| EFRAIN ISLAS HERNANDEZ, and | § | |
| EDUARDO DERGAL MERAZ | § | |
| **Defendants** | § | **BEXAR COUNTY, TEXAS** |

## ORDER GRANTING MOTION TO COMPEL INTERROGATORY RESPONSES AND THE PRODUCTION OF DOCUMENTS

After considering the Plaintiff's Motion to Compel Interrogatory Response and the Production of Documents, any response, the pleadings, the Exhibits and any other evidence and argument presented the Court is of the opinion that this Motion to Compel the Production of Documents should be granted.

Accordingly, the Court ORDERS, ADJUDGES, and DECREES the following:

1. That responses to the proffered discovery are untimely and all objections to the responses to the Plaintiff's First Set of Written Discovery are waived.

2. that the Defendant provide **complete responses to all interrogatories**, including the following, within ten (10) days of the entry of this order:

   a. All payment ever received by or on behalf of Hector Gonzalez Hernandez (Int 4)

   b. All information concerning stock purchases and sales made by Atenea or Gonzalez & Duarte, including specifically purchases from the IFX global markets (Int 3)

   c. All payments made by investors into Atenea accounts (Int 1)



84

d.  All information pertaining to Atenea investor certificates (Int 2)

e.  All assets owned by Atenea (Int 5, 6)

f.  All assets Gonzalez and Duarte, LLC and Gonzalez & Duarte, S.C. are holding for or on behalf of Atenea (Int 5,6)

g.  Communications with investors (Int 8)

h.  information requested concerning Hector Gonzalez Hernandez qualifications and relation to Atenea (Int 9, 10, and 11)

I.  Information concerning Gonzalez & Duarte relations with Atenea (Int. 12)

j.  Information concerning persons involved with Gonzalez & Duarte (Int. 13 and 14)

3.  That Defendant Hernandez is required to provide **ALL documents responsive Plaintiff's First Set of Written Discovery to Defendant Hector Gonzalez Hernandez within his possession custody, and control within ten (10) days of the signing of this order**, including specifically, personal and corporate banking records, communications, stock records, investment records, and other records. The Court finds, that unless the Defendant Hernandez objectively proves otherwise, that he has possession custody and control over all banking and financial records of Plaintiff Atenea, Gonzalez & Duarte, LLC (of which he is a named member) and Gonzalez & Duarte, S.C. (of which he is a named member).

4.  Furthermore, the Court finds that the Defendant Hector Gonzalez Hernandez has subverted the discovery process and the progression of this lawsuit by failing to timely submit discovery responses. The Court finds that discovery was sent on or about July 29, 2013 . The Court finds that discovery was due on or about September 3, 2013. The Court Court finds that the Defendant Hector Gonzalez Hernandez has violated Texas Rule of Civil Procedure 215(3) (A) and (B) by failing to provide non evasive and complete answers to interrogatories that

85

were propounded by the Plaintiff. The Court finds that the supposed answers to discovery that were provided after the two orders compelling interrogatories and requests for production were so inadequate as to constitute willful discovery abuses.

5. The Court finds that the sanctions sought, attorneys fees and striking of the defensive pleadings, bears direct relation to the conduct of Defendant in failing to answer discovery, which has necessitated this hearing. The Court finds that the Defendant Hector Gonzalez Hernandez has been provided reasonable notice by the Plaintiff of its intent to seek discovery sanctions and that previous attempts to enforce compliance with orders from the Court and the discovery requirements, have been unsuccessful.

6. Therefore, the Court sanctions the Defendant Hector Gonzalez Hernandez $ 2532.0 an amount that the Court determines is a just and necessary sanction based upon the repeated failure of the Defendant Hector Gonzalez Hernandez to respond to discovery requests and the inadequacy of discovery requests. The Court finds that payment must be paid to _____Lance Geppert_____ and on behalf of _Atenea's Fees_ no later than _December 31_, 2013.

7. Furthermore, due to Defendant's repeated failure to provide requested documentation and responsive answers, the Court grants the Plaintiff's request to order the production of financialuments in this cause and, therefore, the Court orders that the financial records of Hector Gonzalez Hernandez and Gonzalez & Duarte, LLC and Gonzalez & Duarte S.A. de C.V. are produced and not subject to any claim or privilege or confidentiality and also the Court orders that, due to the failure to comply with requests for production, and the need for the records, Hector Gonzalez Hernandez is ORDERED to sign authorizations permitting Atenea and its counsel to obtain these records from financial institutions without further approval of Gonzalez & Duarte, LLC or any other person or party. The Court finds that the authorizations are acceptable.

8.    Furthermore, the Court finds that the Defendant has abused the discovery process and has cautioned the Defendant that any further abuse of the discovery process will create a presumption that the defenses of Hector Gonzalez Hernandez lack merit and result in death penalty sanctions.  As the modest sanctions have not resulted in compliance, the Court feels compelled to order death penalty sanctions in this case and strikes the Defendant's pleadings and finds liability in favor of the Plaintiffs. Court orders that the damages as a result of liability can be submitted through presiding as other matters

So Ordered this _____ of December 20, 2013

_____
JUDGE PRESIDING

Respectfully submitted and entry requested this December 20, 2013 by,

_____
Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
GEPPERTLAW@GRANDECOM.NET

**AGREED AS TO FORM:**

George Durham
Atty At Law
24082940
State Bar No 24082940
521 S. Broadway

FILED
3/20/2014 6:18:36 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Selestina Carrizales

## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § § | |
| v. | § § | 57ᵗʰ JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ Defendants | § § § § § § § § § | BEXAR COUNTY, TEXAS |

### MOTION TO ENFORCE ORDERS AND SANCTIONS OF COURT AND TO DETERMINE DAMAGES

Comes now Plaintiff Atenea Capital Markets Fund, LP, and files this its Third Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez and For Sanctions and in support thereof, states as follows:

### ORDERS NOT FOLLOWED

On or about October 2, 2013, the Court heard Plaintiff's Motion to Compel and Judge Pozza ordered that the Defendants must provide complete responses to discovery by October 16, 2013. On or about November 20, 2013, the Court heard Plaintiff's Second Motion to Compel and Judge Littlejohn again ordered Defendant to provide complete responses, this time by December 2, 2013. On or about December 20, 2013, the Court heard the Plaintiff's Third Motion to Compel, awarded monetary sanctions and sanctioned the Defendant HECTOR GONZALEZ by finding liability against him. The Defendant has continued to fail to meet the obligations in the Court's Orders, and thus this matter is submitted again for Court intervention under Texas Rule of Civil Procedure .

88

## RESPONSES RECEIVED WHOLLY INADEQUATE

On or about December 2, 2013, the Plaintiff received the attached documents from counsel for Defendant. See Defendant's Response to Discovery, attached as Exhibit A and incorporated herein for all purposes. No effort was made to provide individual responses to the discovery requested, nor to provide any other documents documents, despite the fact that the Court has correctly ordered that any objections are untimely and overruled. The responses provided are contemptuous of the orders of the Court.

## DISCOVERY RESPONSES NEEDED

The Plaintiff need the requested information to evaluate the case. Moreover, as this case concerns the location and use of certain funds that were and may still be in the possession custody and control of the Defendant, it is crucial that the responses be provided as soon as possible. The Plaintiff incorporates its First Set of Written Discovery, attached to the Motion to Compel, and incorporates same herein by reference.

## SANCTION WARRANTED

This hearing will be scheduled for March 28, 2014. By the time of the hearing, the responses will have been overdue by over two hundred (200) days. If the Defendant has not provided full responses, the Court should sanction the Defendant for failure to respond and subverting the discovery process. Sanctions are warranted when parties fail to respond to written discovery. *See, e.g., Able Sup. v. Moye*, 898 S.W.2d 766,771 (Tex. 1995) and *Swain v. Southwestern Bell Yellow Pages, Inc.*, 998 S.W.2d 731 (Tex. App.--Ft. Worth 1999, no pet.). In the present case, the Defendant failed to answer discovery. Attorneys fees are among the explicitly authorized sanctions and in the present case, movant has already expended time and expense sending a reminder correspondence and drafting and filing this motion and the previous motions to compel.

The Plaintiff pursued death penalty sanctions, and the Court approved same by

89

entering an order determining liability against Defendant GONZALEZ. The Plaintiff desires to pursue greater sanctions for the Defendant's failure to follow the Court's orders and answer discovery. *See Cire v. Cummings*, 134 S.W.3d 835, 840-41 (Tex. 2004). (in the case of egregious discovery misconduct, court not required to consider lesser sanction before imposing "death penalty" sanctions). The Plaintiff requests that the Court determine the amount of damages to award against the Defendant as sanctions, and pursuant to the Court's earlier order. Defendant's conduct justifies a presumption that the defenses lack merit. *See Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996).

WHEREFORE, premises considered, the Plaintiff prays that the Court enter an order confirming the amount of damages to award against Defendant as sanctions, and in coordination with the finding of liability, otherwise award attorneys fees as a sanction in the amount of five thousand dollars ($5,000.00), and for such other relief may be necessary to do justice in this matter.

Respectfully submitted and certified served via facsimile on counsel for Hector Gonzalez Hernandez via facsimile on March 21, 2014 by:

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

<u>CAUSE NO 2012-CI-13872</u>

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS<br>FUND, LP | §<br>§<br>§ | IN THE DISTRICT COURT |
| **Plaintiff** | §<br>§<br>§ | |
| v. | §<br>§ | 57th JUDICIAL DISTRICT |
| | § | |
| GONZALEZ & DUARTE LLC,<br>HECTOR GONZALEZ HERNANDEZ,<br>HERNAN DUARTE MENDEZ,<br>ARACELY DUARTE MENDEZ,<br>ADRIAN RUBIO ENRIQUEZ,<br>EFRAIN ISLAS HERNANDEZ, and<br>EDUARDO DERGAL MERAZ<br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

FIAT SETTING HEARING

PLAINTIFF'S Motion to Enforce Orders of Court and to Determine Damages, and continuance of Third Motion to Compel Discovery from Defendant Hector Gonzalez Hernandez are hereby set at 9:00 a.m. on March 28, 2014, at the Presiding District Court, Bexar County, Texas, 100 Dolorosa, Suite 1.09, 1st Floor, Bexar County Courthouse, San Antonio, Texas 78205. **3/20/2014**

Peter Sakai

**Presiding Judge**

**225th District Court**
Judge Presiding
Bexar County, Texas

Hearing requested and notice of hearing will be served in accordance with the Rules of Texas Civil Procedure on March 20, 2014 by:

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

91

*1 hour*

# JUDGE'S NOTES


2012CI13872 _P00032

CAUSE NO.: 2012CI13872    COURT: 057    DATE/TIME: 04/24/2014 09:00AM
SETTING COURT: 109

STYLE: ATENEA CAPITAL MARKET FUND LP
VS. GONZALEZ AND DUARTE LLC ET AL

DISCOVERY LEVEL: 4

ATTORNEY(S) FOR CASE:

LANCE GEPPERT —

ANTHONY MATULEWICZ

*Georg Durban —*

Document scanned as filed.

*FILED DONNA KAY McKINNEY DISTRICT CLERK BEXAR COUNTY*

*14 APR 24 AM 10: 53*

*BY _____ DEPUTY*

THIS CASE HAS 15 OR MORE ATTORNEYS

TYPE OF MOTION OR APPLICATION:
NON-JURY SETTING ON M/T ENFORCE ORDERS, TO DETERMINE DAMAGES, & CONTINUANCE OF 3    LG

CONFERRING_____ ESTIMATE HEARING TIME_____
AGREED ORDER_____ ASSIGNED COURT_____
DROP_____ RECORD TAKEN _NO____
INTERPRETER_____ RESET DATE_____TIME_____

DATE OF NOTES_____    JUDGE INITIALS_____

NLR as to Trial on damages - granted
Sanctions for failure to comply w/
prior court orders (g Pgmt 2532) +
failure to respond to discovery.
10 days to, respond to Discovery w/ verification.
fully            including emails

Case set for Trial (non jury) on
May 27 @ 9:00am in Presiding

Notice provided to all counsel y
Record as to trial setting

$1000 w/in 30 days.

92    2012CI13872-T00031

FILED
5/23/2014 4:21:05 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Jennifer Brazil

## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § § § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| v. | § § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ **Defendants** | § § § § § § § § § | BEXAR COUNTY, TEXAS |

### CONDITIONAL MOTION FOR SEVERANCE

TO THE HONORABLE COURT:

The Plaintiffs are seeking judgment on this date, and the counsel for Defendant is seeking to withdraw his representation of all Defendants save and except Hector Gonzalez Hernandez. Plaintiff requests that in the event that a motion to withdraw is granted, that the Court sever Gonzalez & Duarte, LLC and Hector Gonzalez Hernandez from the remainder of the lawsuit.

The Court has discretion and authority to authorize a severance of parties from the Cause of action in the efficient administration of justice. *See e.g., Castano v. Foremost Cty Mut. Ins.*, 31 S.W.3d 387 (Tex. App.--San Antonio 2000, no pet.). In the present case, in the event that the Court grants the withdrawal, the Plaintiff requests that judgment be made final for the represented and the defaulting party.

WHEREFORE, the Plaintiff prays that the Court grant this motion in the event that withdrawal is granted.

93

Respectfully Submitted, I certify service on the Defendant via email on this the 23rd of May, 2014.

LANCE GEPPERT, ATTORNEY AT LAW
8000 West Ave., Suite 1
Castle Hills, Texas 78213
(210) 888-9836 Phone
(210) 855-9990Fax
lgeppert@grandecom.net

By:_____
Lance Geppert
State Bar No. 24007234
**ATTORNEY FOR PLAINTIFF**

<u>**CAUSE NO 2012-CI-13872**</u>

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| **Plaintiff** | § § § | |
| v. | § § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ **Defendants** | § § § § § § § § § § § | BEXAR COUNTY, TEXAS |

FIAT SETTING HEARING

PLAINTIFF'S Conditional Motion for Severance hereby set at 9:00 a.m. on May 27, 2014, at

the Presiding District Court, Bexar County, Texas, 100 Dolorosa, Suite 1.09, 1st Floor, Bexar

County Courthouse, San Antonio, Texas 78205.

5/23/2014     **SOL CASSEB III**

Judge Presiding

Hearing requested and notice of hearing will be served in accordance with the Rules of Texas

Civil Procedure on May 27, 2014 by:

Lance Geppert
Attorney at Law
State Bar No. 24007234
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, Texas 78205
(210) 223-2877/ (210) 316-0000 Phone
(210) 223-2714/ (210) 855-9990 Fax
lgeppert@grandecom.net

95

FILED
5/26/2014 6:29:03 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marissa Ugarte

## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ Defendants | § § § § § § § § | BEXAR COUNTY, TEXAS |

## RESPONSE TO MOTION TO RECONSIDER SANCTIONS

Comes now Plaintiff Atenea Capital Markets Fund, LP, and files this its Response to Defendant Hector Gonzalez Hernandez Motion to Reconsider Sanctions and in support thereof, states as follows:

## ORDERS NOT FOLLOWED

On or about October 2, 2013, the Court heard Plaintiff's Motion to Compel and Judge Pozza ordered that the Defendants must provide complete responses to discovery by October 16, 2013. On or about November 20, 2013, the Court heard Plaintiff's Second Motion to Compel and Judge Littlejohn again ordered Defendant to provide complete responses, this time by December 2, 2013 and sanctioned the Defendant a monetary amount. At this time, the Defendant produced approximately ten pages or emails and bank records that he believed were exculpatory, and no other documents. On or about December 20, 2013, the Court heard the Plaintiff's Third Motion to Compel, awarded monetary sanctions and sanctioned the Defendant HECTOR GONZALEZ by finding liability against him. At this time, the Defendant produced some personal bank records and a spreadsheet of some kind with no other

96

documents or full responses to interrogatories. On April 24, 2014, the Court again heard the Plaintiff's Motion to Compel and this time for damages pursuant to the sanctions order, and again the Court found that the Defendant had not complied and ordered additional sanctions. As of the present time, the Defendant is $1,532.00 in arrears on the payment of the very modest sanctions.

All the Courts were proven very correct. It was not until May 9, 2014 that the Defendant provided answers to each interrogatory and request for production, through, for many reasons, including the fact that the Defendant was sanctioned three times without providing responses, that the Plaintiff does not believe the responses are full and, regardless, the fact that responses were not provided until almost five (5) months after the answer was sricken proves that the sanctions were valid and that no lesser sanction would have resulted in compliance. The case ground to a halt as it took extreme efforts to force the Defendant to comply with a single set of written discovery served in the summer of 2013 and for which he had no objection.

The Defendant claims that since now he believes he has answered in good faith, he should be able to go back and argue the case as if the delinquencies had not occurred. That would subvert the purposes of the sanctions in the first place. There is no reasonable explanation or evidence provided to justify the conduct and the sanctions should remain.

The Defendant claims that the Plainitff could have obtained some of the information from other sources, but that is not relevant to the satisfaction of his own duties. The fact that significant documents were produced, whole categories of which were never produced previously, is ample evidence that the Defnednatn could have met his burden much, much earlier.

The Defenadnt further claims that the Plainitff is somehow obligated to serve the other Defnednats when the same counsel currently represents all Defendants.

97

## SANCTION WARRANTED

This hearing will be scheduled for March 28, 2014. By the time of the hearing, the responses will have been overdue by over two hundred (200) days. If the Defendant has not provided full responses, the Court should sanction the Defendant for failure to respond and subverting the discovery process. Sanctions are warranted when parties fail to respond to written discovery. *See, e.g., Able Sup. v. Moye*, 898 S.W.2d 766,771 (Tex. 1995) and *Swain v. Southwestern Bell Yellow Pages, Inc.*, 998 S.W.2d 731 (Tex. App.--Ft. Worth 1999, no pet.). In the present case, the Defendant failed to answer significant portions of the requested discovery.

The Plaintiff pursued death penalty sanctions, and the Court approved same by entering an order determining liability against Defendant GONZALEZ. The Plaintiff desires to pursue greater sanctions for the Defendant's failure to follow the Court's orders and answer discovery. *See Cire v. Cummings*, 134 S.W.3d 835, 840-41 (Tex. 2004). (in the case of egregious discovery misconduct, court not required to consider lesser sanction before imposing "death penalty" sanctions). Defendant's conduct justified a presumption that the defenses lack merit. *See Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996).

WHEREFORE, premises considered, the Plaintiff prays that the Court deny the request for consideration and for whatever and further relief may be necessary to do justice in this matter.

Respectfully submitted and certified served via facsimile on counsel for Hector Gonzalez Hernandez via email on May 26, 2014 by:

Lance Geppert
Attorney at Law
State Bar No. 24007234
8000 West Ave., Suite 1
Castle Hills, Texas  78213
(210) 316-0000 Phone
(210) 855-9990 Fax
lgeppert@grandecom.net

POZZA (top left margin)

# JUDGE'S NOTES

3 hrs. w/ interp (top right)

CAUSE NO.: 2012CI13872 COURT: 057 DATE/TIME: 05/27/2014 09:00AM

SETTING COURT: 109

11 am

STYLE: ATENEA CAPITAL MARKET FUND LP
VS. GONZALEZ AND DUARTE LLC ET AL

2012CI13872 -P00039

served Δ's

DISCOVERY LEVEL: 4

ATTORNEY(S) FOR CASE: Atty ATENEA

LANCE GEPPERT
ATTORNEY 24082940 NOT FOUND

ANTHONY MATULEWICZ

George Durham △ ① Hector Gonzalez — Hernandez

② Gonzalez and Duarte LLC

not represented by counsel

Ariali Henan — not served

**Document scanned as filed.**

TYPE OF MOTION OR APPLICATION: M-t Withdraw + Mot to Reconsider
NON-JURY SETTING ON TRIAL ON THE MERITS **PER JUDGE'S NOTES**

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
14 JUN 10 PH 3: 13
BY _____ DEPUTY

CONFERRING _____ ESTIMATE HEARING TIME _____
AGREED ORDER _____ ASSIGNED COURT _____
DROP _____ RECORD TAKEN _____
INTERPRETER _____ RESET DATE _____ TIME _____

JUDGE INITIALS _____

DATE OF NOTES _____

5/27/14 - Trial - Damages only bk of previous d/p

Pozza Record - Tracy Ray Plummer

Sanction on liability.

Mot. to Wdraw - granted

Mot. to Reg - denied

Mot. for Continuance - denied

1-9, 11-18   10 not admitted

Exh. w/drawn. Petitioner's ~~struck~~

Resp. 1 + 2   ~~struck~~

6/10/14 - continuation of trial -

✓ for TI's as requested agnst all served Δ's

$4,720,426.97        jt + several

-100 rec'd

- 03M personal loan      = $4,222,426.00

PROPERTY OF BEXAR COUNTY DISTRICT CLERK'S OFFICE   (DK510A)


2012CI13872 -D057

No.**2012 CI 13872**

| ATENEA CAPITAL MARKETS FUND, LP | § | IN THE DISTRICT COURT |
|---|---|---|
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **57TH JUDICIAL DISTRICT** |
| | § | |
| **GONZALEZ & DUARTE LLC,** | § | |
| **HECTOR GONZALEZ HERNANDEZ,** | § | |
| **HERNAN DUARTE MENDEZ,** | § | |
| **ARACELY DUARTE MENDEZ,** | § | |
| **ADRIAN RUBIO ENRIQUEZ,** | § | |
| **EFAIN ISLAS HERNANDEZ, and** | § | |
| **EDUARDO DERGAL MERAZ** | § | |
| **Defendants** | § | **OF BEXAR COUNTY, TEXAS** |

### Stipulated Order on Motion to Withdraw

Upon stipulation by the parties and consideration of the record, it has been determined that a clerical error on the general denial listed promulgated by counsel for Defendant, Hector Gonzalez, listed all Defendants as represented and denying this instant cause when in fact there has been only one defendant, Hector Gonzalez, represented by George Durham and Anthony Matulewicz during this cause of action.

Therefore, it is hereby ORDERED that George Durham and Anthony Matulewicz are hereby withdrawn from representation of all parties except Defendant, Hector Gonzalez.

5/27/14

_____
JUDGE PRESIDING

_____
Lance Geppert
1900 Tower Life Building
310 South St. Mary's St., Suite 1900
San Antonio, TX 78205
Tel. (210) 888-9836
Fax. (210) 855-9990
Attorney for Plaintif

_____
George Durham
517 W. Nolana
McAllen, TX 78504
(505) 410-5286
gsklawfirm@gmail.com
Attorney for Defendant

**Document
scanned as filed.**

101


2012CI13872 -D057

CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ Defendants | § § § § § § § § § § | BEXAR COUNTY, TEXAS |

## FINAL JUDGMENT

On May 27, 2014, came to be heard the above referenced cause for non jury trial on damages. The Plaintiff announced ready and the Defendant Hector Gonzalez Hernandez was represented by counsel. After considering the previous order from Judge Antonia Arteaga finding liability against Defendant Hector Gonzalez Hernandez in this cause, the pleadings on file, the evidence admitted and arguments of counsel, the Court ORDERS, ADJUDGES, and DECREES the following:

1.    The Court reviewed the Order granting the judgment of liability against Hector Gonzalez Hernandez and reviewing the pleading, determines that such finding includes findings of fraud, negligent misrepresentation, tortious interference with a contract, breach of contract, civil conspiracy, and failure to provide an accounting.

2.    The Court called the cause for trial on the issue of damages and the trial took place on May 27, 2014 and June 10, 2014 The Defendant Hector Gonzalez Hernandez was represented by counsel.

Document
scanned as filed.

102

3.     Defendant Gonzalez & Duarte, LLC was served (citation served January 8, 2013, return filed January 10, 2013), was not represented by counsel during the bench trial, its answer on file was withdrawn pursuant to request by counsel and order of the Court and Defendant Gonzalez & Duarte, LLC had notice of the proceeding.

4.     In conjunction with the previous finding that the defensive pleadings should be struck and resultant finding of liability on the part of Hector Hernandez Gonzalez, for those claims made in the petition, the Court hereby determines that the following judgment should be awarded, which, after considering the evidence offered, pleadings on file, and motions currently before the Court, the Court determines that the Plaintiff is entitled to damages against Defendants Hector Gonzalez Hernandez and Gonzalez & Duarte, LLC, and the amount of damages that Defendants Hector Gonzalez Hernandez and Defendant Gonzalez & Duarte, LLC is responsible for , is four million two hundred and twenty four thousand four hundred and twenty-six dollars ($4,224,426.00), and judgment is granted against the Defendants Hector Gonzalez Hernandez and Gonzalez & Duarte, LLC for this amount, which the Court determines is a just and appropriate amount and the amount of damages caused by these Defendants as determined by the evidence presented.

5.     The judgment against these Defendants is joint and several through the claim of civil conspiracy and fraud. Accordingly, the Plaintiff has judgment against Hector Gonzalez Hernandez and Gonzalez & Duarte, LLC joint and severally in the amount of four million two hundred and twenty four thousand four hundred and twenty-six dollars ($4,224,426.00). Prejudgment interest has been waived by the Plaintiff in conjunction with this award. The judgment will carry post judgment interest at the rate of five percent per year. Costs of court are awarded to Plaintiff.

6.     All other relief against Hector Gonzalez Hernandez and Gonzalez and Duarte, LLC are hereby denied and this is a final order against these Defendants.

103

So Ordered this 20 of June, 2014

_____
JUDGE PRESIDING

Respectfully submitted and entry requested this June 19, 2014 by,

_____
Lance Geppert
Attorney at Law
State Bar No. 24007234
8000 West Ave., Suite
San Antonio, Texas 78213
(210) 888-9836/ (210) 316-0000 Phone
(210) 855-9990 Fax
GEPPERTLAW@GRANDECOM.NET

**AGREED AS TO FORM:**

_____
George Durham
Attorney for Defendant Hector Gonzalez
~~521 S Broadway St~~ 517 W. INDIANA
MCALLEN, TX ~~78501~~ 76504
Tel. ~~(956) 972-0330~~ 505-412-5285
Fax. ~~(956) 972-0353~~ 1-956-504-5153
SBN: 24082940

06/30/2014 VOL 4229 PG 2557

FILED
8/1/2014 11:14:27 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Cynthia Flores

## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC,<br>HECTOR GONZALEZ HERNANDEZ,<br>Defendants | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

### NOTICE OF NON-SUIT

On this date, Plaintiff Non-Suits the following Defendants pursuant to Texas Rule of Civil Procedure 162: Defendants Non-Suited: Hernan Duarte Mendez, Aracely Duarte Mendez, Adrian Rubio Enriquez, Efrain Islas Hernandez, and Eduardo Dergal Meraz.

The Plaintiff has an absolute right to non-suit these Defendants, that same is effective at the time of the request, and that the Plaintiff cannot be prevented from non-suiting its affirmative claims. Accordingly, all Defendants are non-suited save and except Defednants Gonzalez & Duarte LLC and Hector Gonzalez Hernandez.

This is without prejudice to the refiling of same.

Respectfully Submitted, I certify service on counsel for Defendants Gonzales & Duarte LLC and Hector Goznalez Hernandez on this the 1st of Augst, 2014.

LANCE GEPPERT, ATTORNEY FOR PLAINTIFF
8000 West Ave., Suite 1
Castle Hills, Texas 78213
(210) 888-9836 Phone
(210) 855-9990 Fax
lgeppert@grandecom.net

By: _____
Lance Geppert
State Bar No. 2400723

105



2012CI13872 -D057

## CAUSE NO 2012-CI-13872

| | | |
|---|---|---|
| ATENEA CAPITAL MARKETS FUND, LP | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| v. | § § | 57th JUDICIAL DISTRICT |
| GONZALEZ & DUARTE LLC, HECTOR GONZALEZ HERNANDEZ, HERNAN DUARTE MENDEZ, ARACELY DUARTE MENDEZ, ADRIAN RUBIO ENRIQUEZ, EFRAIN ISLAS HERNANDEZ, and EDUARDO DERGAL MERAZ Defendants | § § § § § § § § § | BEXAR COUNTY, TEXAS |

## ORDER CONFIRMING NON-SUIT

On this date the Court reviewed the Plaintiff's Notice of Non-Suit of the Defendants Hernan Duarte Mendez, Adrian Rubio Enriquez, Efrain Islas Hernandez, and Eduardo Dergal Meraz. The Court notes that the Plaintiff has an absolute right to non-suit these Defendants, that same is effective at the time of the request, and that the Plaintiff cannot be prevented from non-suiting its affirmative claims. Accordingly, the Court signs this order confirming non-suit of all Defendants save and except Gonzalez & Duarte LLC and Hector Gonzalez Hernandez.

This dismissal after non-suit is without prejudice to the refiling of same.

So ordered this ___/___ of August, 2014

_____
HONORABLE JUDGE PRESIDING

106

DOCUMENT SCANNED AS FILED

ENTRY REQUESTED:

**LANCE GEPPERT, ATTORNEY AT LAW**
8000 West Ave., Suite 1
Castle Hills, Texas 78213
(210) 888-9836 Phone
(210) 855-9990Fax
(210) 316-0000 Cell
lgeppert@grandecom.net

By:_____

Lance Geppert
State Bar No. 24007234
**ATTORNEY FOR PLAINTIFF**

FILED
8/29/2014 11:25:03 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Cecilia Barbosa

## NO. <u>2012 CI 13872</u>

| | | |
|---|---|---|
| **ATENEA CAPITAL MARKETS FUND, LP** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **57TH JUDICIAL DISTRICT** |
| | § | |
| **GONZALEZ & DUARTE LLC,** | § | |
| **HECTOR GONZALEZ HERNANDEZ,** | § | |
| **HERNAN DUARTE MENDEZ,** | § | |
| **ARACELY DUARTE MENDEZ,** | § | |
| **ADRIAN RUBIO ENRIQUEZ,** | § | |
| **EFAIN ISLAS HERNANDEZ, and** | § | |
| **EDUARDO DERGAL MERAZ** | § | |
| **Defendants** | § | **OF BEXAR COUNTY, TEXAS** |

## <u>NOTICE OF APPEAL</u>

Defendant, Hector Gonzalez, party to this case, files this Notice of Appeal seeking to alter the trial court's judgment or other appealable order.

The trial court, trial court case number and style of this matter are shown in the above caption.

The judgment or order appealed from was signed on August 1st, 2014 when the Plaintiff nonsuited other co-defendants after obtaining a judgment against Hector Gonzalez and Gonzalez & Duarte, LLC.

Hector Gonzalez desires to appeal the Court's jurisdiction over the matter, the Court's standard for death penalty sanctions against Defendant, and the Court's abuse of due process in light of Defendant's absence and inability to testify due to federal immigration preemption of Defendant's mobility within the United States.

This appeal is being taken to the 4th Court of Appeals.

This notice is being filed by Hector Gonzalez.

108

Respectfully submitted,


By:       /S/ George Durham
George Durham
Texas Bar No. 24082940
Email: gsklawfirm@gmail.com
517 W. Nolana
Brazos Suites # 6
MCALLEN, TX 78504
Tel. (505) 410-5286
Fax. (1-956) 524-5153
Attorney for Defendant
Hector Gonzalez


## CERTIFICATE OF SERVICE

I certify that on August 29, 2014 a true and correct copy of Defendant's Notice of Appeal was served on all parties electronically through the electronic filing manager.


      /S/ George Durham
George Durham

***

## * D O C K E T   I N F O R M A T I O N *

CAUSE NUM: 2012CI13872

DATE FILED: 08/23/2012          COURT: 057          UNPAID BALANCE:      0.00

TYPE OF DOCKET: FRAUD/MISREPRESENTAT

### * * * S T Y L E * * *

ATENEA CAPITAL MARKET FUND LP

VS GONZALEZ AND DUARTE LLC ET AL


ACCOUNT TYPE:                    ACCOUNT NO:

ACCESS: 0                        STATUS: DISPOSED

LIST TYPE: C


### * L I T I G A N T   I N F O R M A T I O N *

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|---|
| 00001 | ATENEA CAPITAL MARKET FUND LP | PLAINTIFF | 08/23/2012 |
| | | 00001 GEPPERT, LANCE M | |
| 00002 | GONZALEZ AND DUARTE LLC | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| 00003 | HERNANDEZ HECTOR GONZALEZ | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| 00004 | GONZALEZ HECTOR | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| | | 00004 DURHAM, GEORGE | |
| 00005 | MENDEZ HERNAN DUARTE | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| 00006 | DURATE HERNAN | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| 00007 | MENDEZ ARACELY DUARTE | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| 00008 | DUARTE ARACELY | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| 00009 | ENRIQUEZ ADRIAN RUBIO | DEFENDANT | 08/23/2012 |
| | | 00002 MATULEWICZ, ANTHONY | |
| 00010 | HERNANDEZ EFRAIN ISLAS | DEFENDANT | 08/23/2012 |
| 00011 | MERAZ EDUARDO DERGAL | DEFENDANT | 08/23/2012 |


### * S E R V I C E S   I N F O R M A T I O N *

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|---|---|---|---|
| 00001 | CITATION | 4 | |

ISS: 08/27/2012  REC: 12/27/2012  EXE: 01/08/2013  RET: 01/10/2013

00002 CITATION                          4    HERNANDEZ HECTOR G
        ISS: 08/27/2012  REC: 01/03/2013  EXE: 02/02/2013  RET: 02/11/2013


00003 CITATION                          4    MENDEZ HERNAN D
        ISS: 08/27/2012  REC:         EXE:          RET:


00004 NOTICE OF ORDER RULE 306A        152   GEPPERT LANCE M
        ISS: 07/08/2014  REC:         EXE:          RET:


00005 NOTICE OF ORDER RULE 306A        152   MATULEWICZ ANTHONY
        ISS: 07/08/2014  REC:         EXE:          RET: 07/18/2014


          * A T T O R N E Y    I N F O R M A T I O N *

SEQ  DATE FILED  BAR NBR.  NAME                     STATUS      DATE


00001 08/23/2012  24007234  GEPPERT, LANCE M         SELECTED    08/24/2012

00002 02/25/2013  13234358  MATULEWICZ, ANTHONY      SELECTED    02/25/2013

00004 08/29/2014  24082940  DURHAM, GEORGE           SELECTED    08/29/2014


          * P R O C E E D I N G    I N F O R M A T I O N *

SEQ      DATE FILED       REEL     IMAGE    PAGE COUNT


00001    08/23/2012       0000     0000      0000
        DESC: PLAINTIFF'S ORIGINAL PETITION
00002    08/23/2012       0000     0000      0000
        DESC: CIVIL CASE INFORMATION SHEET
00003    08/23/2012       0000     0000      0000
        DESC: REQUEST FOR
              3 CITS PPS
00004    08/23/2012       0000     0000      0000
        DESC: SERVICE ASSIGNED TO CLERK 1
00005    02/25/2013       0000     0000      0000
        DESC: ORIGINAL ANSWER OF
              GONZALEZ & DUARTE LLC HECTOR GONZALEZ
              HERNANDEZ HERNAN DUARTE MENDEZ ARACELY
              DUARTE MENDEZ ADRIAN RUBIO ENRUQIEZ
              EFRAIN ISALAS HERNANDEZ AND EDUARDO
              DERGAL MERAZ
00006    04/02/2013       0000     0000      0000
        DESC: MOTION TO
              WITHDRAW AS ATTORNEY OF RECORD OF
              ANTHONY MATULEICZ AND GEORGE DURHAM OF
              THE LAW OFFICE OF MATULEWICZ &
              ASSOCIATES PC
00007    04/02/2013       0000     0000      0000
        DESC: FIRST AMENDED ORIGINAL ANSWER
              AND SPECIAL EXCEPTIONS TO ORIGINAL
              PETITION OF HECTOR GONZALEZ HERNANDEZ
00012    09/18/2013       0000     0000      0000
        DESC: MOTION TO COMPEL
              DISCOVERY


111

00013     10/01/2013          0000     0000     0000
          DESC: MOTION TO DISMISS
                OF HECTOR GONZALEZ W/PROPOSED ORDER
                ATTNY CAME TO PRESIDING P/U ORDER TO
                PRESENT TO JUDGE

00014     10/02/2013          0000     0000     0000
          DESC: OBJECTIONS TO
                REQUEST FOR CONTINUANCE ON HEARING ON
                MOTION TO DISMISS

00015     10/02/2013          0000     0000     0000
          DESC: JUDGES DOCKET NOTES
                (NO RECORD)

00019     10/16/2013          0000     0000     0000
          DESC: RESPONSE
                TO MOTION TO DISMISS

00021     11/08/2013          0000     0000     0000
          DESC: SECOND AMENDED
                MOTION TO COMPEL DISCOVERY FROM
                DEFENDANT HECTOR GONZALEZ HERNANDEZ FOR
                SANCTIONS

00023     11/21/2013          0000     0000     0000
          DESC: RESPONSE
                TO SECOND MOTION TO COMPEL DISCOVERY
                AND FOR SANCTIONS

00024     11/21/2013          0000     0000     0000
          DESC: HEARING/TRIAL CRT REPORTER ASS
                VG VICTORIA GONZALEZ, 150TH DIST COURT

00025     11/21/2013          0000     0000     0000
          DESC: JUDGES DOCKET NOTES

00027     12/10/2013          0000     0000     0000
          DESC: MOTION TO COMPEL
                DISCOVERY FROM DEFENDANT HECTOR GONZALEZ
                AND FOR SANCTIONS

00029     03/20/2014          0000     0000     0000
          DESC: MOTION
                TO ENFORCE ORDERS AND SANCTIONS OF COURT
                AND DETERMINE DAMAGES

00032     04/24/2014          0000     0000     0000
          DESC: JUDGES DOCKET NOTES
                (NO RECORD)

00036     05/23/2014          0000     0000     0000
          DESC: MOTION TO SEVER

00037     05/26/2014          0000     0000     0000
          DESC: RESPONSE
                OF AETENA CAPITAL MARKETS FUND LP TO
                MOTION TO RECONSIDER SANCTIONS

00038     05/27/2014          0000     0000     0000
          DESC: HEARING/TRIAL CRT REPORTER ASS
                TP TRACY PLUMMER, 407TH DISTRICT CRT

00039     05/27/2014          0000     0000     0000
          DESC: JUDGES DOCKET NOTES
                AND CONTINUED ON 06/10/14

112

00040    06/20/2014        0000    0000      0000
         DESC: CASE CLOSED FINAL JUD AFTER NO
00041    08/01/2014        0000    0000      0000
         DESC: NONSUIT
00042    08/29/2014        0000    0000      0000
         DESC: NOTICE OF APPEAL
               EMAIL SENT TO TRACY PLUMMER, 407TH DISTR
               OF HECTOR GONZALEZ
               ATTY GEORGE DURHAM
00043    08/29/2014        0000    0000      0000
         DESC: DATE DUE IN 4TH CCA
               09/29/2014
00044    09/03/2014        0000    0000      0000
         DESC: CONFIRMATION PAGE SENT SUCCESS
               4TH CRT OF APPEALS(NOTICE OF APPEAL)
00045    09/04/2014        0000    0000      0000
         DESC: LETTER FROM 4TH COURT OF APPEA
00046    09/18/2014        0000    0000      0000
         DESC: LETTER/CLERK'S RECORD FEE DUE
               GEORGE DURHAM
               $122.00 VIA E-MAIL
00047    10/02/2014        0000    0000      0000
         DESC: NOTIFICATION OF LATE RECORD SE
00048    10/02/2014        0000    0000      0000
         DESC: CONFIRMATION PAGE SENT SUCCESS
               4TH CRT OF APPEALS
00049    10/07/2014        0000    0000      0000
         DESC: LETTER FROM 4TH COURT OF APPEA
00050    10/08/2014        0000    0000      0000
         DESC: LETTER FROM 4TH COURT OF APPEA
00051    10/10/2014        0000    0000      0000
         DESC: LETTER FROM 4TH COURT OF APPEA


                    * TRIAL   INFORMATION *

  SEQ    DATE FILED      COURT        SETT. DATE  TIME      ATTY


00008    04/02/2013       109         04/08/2013 08:30AM    GD
         DESC: NON-JURY TRIAL
               SETTING ON SPECIAL EXCEPTIONS
               **DROP**
00009    04/02/2013       109         04/08/2013 08:30AM
         DESC: NON-JURY TRIAL
               SETTING ON M/T WITHDRAW
               **DROP**
00010    09/16/2013       109         09/23/2013 08:30AM    LG
         DESC: NON-JURY TRIAL
               SETTING ON MOTION TO COMPEL
               **RESET TO 10/2/13**
00011    09/23/2013       109         10/02/2013 08:30AM
         DESC: NON-JURY TRIAL
               RESET ON M/T COMPEL
               ***ASSIGNED TO POZZA**

113

---

00016     10/04/2013          109          10/09/2013 08:30AM      GD
          DESC: NON-JURY TRIAL
                   SETTING ON M/T DISMISS
                   ***RESET TO 10/17/13***
00017     10/09/2013          109          10/17/2013 08:30AM
          DESC: NON-JURY TRIAL
                   RESET ON M/T DISMISS**RESET 10/22/13**
00018     10/11/2013          109          10/22/2013 08:30AM      GD
          DESC: NON-JURY TRIAL
                   RESET ON M/T DISMISS
                   ***DROP***
00020     11/08/2013          109          11/15/2013 08:30AM      LG
          DESC: NON-JURY TRIAL
                   RESET TO 11.21.13
00021     11/08/2013
          DESC: SECOND AMENDED
                   MOTION TO COMPEL DISCOVERY FROM
                   DEFENDANT HECTOR GONZALEZ HERNANDEZ FOR
                   SANCTIONS
00022     11/15/2013          109          11/21/2013 08:30AM
          DESC: NON-JURY TRIAL
                   RESET - 2ND AMENDED M/T COMPEL
                   ASSIGNED TO LITTLEJOHN
00026     12/10/2013          109          12/20/2013 08:30AM      LG
          DESC: NON-JURY TRIAL
                   SETTING ON M/T COMPEL
                   ASSIGNED TO JUDGE ARTEAGA
00028     03/20/2014          109          03/28/2014 09:00AM      LG
          DESC: NON-JURY TRIAL
                   SETTING ON M/T ENFORCE ORDERS, TO
                   DETERMINE DAMAGES, & CONTINUANCE OF 3RD
                   M/T COMPEL DISCOVERY
                   **RESET TO 04/24/14** PER SLIP
00030     03/28/2014          109          04/24/2014 09:00AM      LG
          DESC: NON-JURY TRIAL
                   SETTING ON M/T ENFORCE ORDERS, TO
                   DETERMINE DAMAGES, & CONTINUANCE OF 3RD
                   M/T COMPEL DISCOVERY
                   **ASSIGNED TO JUDGE STRYKER**
00031     04/24/2014          109          05/27/2014 09:00AM
          DESC: NON-JURY TRIAL
                   SETTING ON TRIAL ON THE MERITS
                   **PER JUDGE'S NOTES**
                   (ASSIGNED TO JUDGE POZZA)
00033     05/16/2014          109          05/22/2014 09:00AM      GD
          DESC: NON-JURY TRIAL
                   FIAT SETTING MTN TO RECONSIDER & MTN TO
                   WITHDRAW
                   *RESET 5/27/14*
00034     05/21/2014          109          05/27/2014 09:00AM      GD
          DESC: NON-JURY TRIAL
                   RESET ON M/T RECONSIDER & M/T

114

WITHDRAW

(ASSIGNED TO JUDGE POZZA)

00035    05/23/2014            109            05/27/2014 09:00AM    LG

DESC: NON-JURY TRIAL

SETTING ON M/F SEVERANCE


                    * O R D E R    I N F O R M A T I O N *

SEQ   DATE FILED   JUDGE NAME           VOLUME   PAGE  PAGE CNT  AMOUNT  SOF


00001  10/15/2013  KAREN H. POZZA         4137   0410    0002      0.00

DESC: ORDER ON

MOTION TO COMPEL INTEROGATORY RESPONSES

AND THE PRODUCTION OF DOCUMENTS

00002  11/21/2013  JANET LITTLEJOHN       4136   3309    0004      0.00

DESC: ORDER

GRANTING SECOND AMENDED M/T COMPEL

INTERROGATROY RESPONSES & THE PRODUCTION

OF DOCUMENTS

00003  12/20/2013  ANTONIA ARTEAGA        4160   2231    0004      0.00

DESC: ORDER

GRANTING M/T COMPEL INTERROGATORY

RESPONSES & THE PRODUCTIONS OF

DOCUMENTS

00004  05/27/2014  KAREN H. POZZA         4229   1015    0001      0.00

DESC: ORDER TO WITHDRAW

ATTY GEORGE DURHAM & ANTHONY MATULEWICZ

FOR GONZALEZ & DURATE, LLC HERNAN DURATE

MENDEZ,ARACELY DURANTE MENDEZ, ADRIAN

RUBIO ENRIQUEZ,EFRAIN ISLAS HERNANDEZ &

EDUARDO DERGAL MERAZ

00005  06/20/2014  KAREN H. POZZA         4229   2585    0003      0.00

DESC: JUDGMENT

00006  08/01/2014  LARRY NOLL             4251   2938    0002      0.00

DESC: ORDER FOR NONSUIT

AGAINST DEFTS HERNAN DUARTE MENDEZ,

ADRIAN RUBIO ENRIQUEZ,EFRAIN ISLAS

HERNANDEZ, & EDUARDO DERGAL MERAZ ONLY

00007  10/08/2014  NO SIGNATURE REQUIRE   4290   2205    0001      0.00

DESC: ORDER FROM 4TH COURT OF APPEAL


                    * B O N D    I N F O R M A T I O N *

SEQ    DATE FILED    PRINCIPAL

# BILL OF COST

Date: 09/22/2014            CAUSE NO. 2012CI13872

Style: ATENA MARKET FUND LP
                VS.
        GONZALEZ AND DUARTE LLC ET AL
        57TH Judicial District Court, Bexar County, Texas



TO:    GEORGE DURHAM
        517 W NOLANA AVE
        MCALLEN, TX 78504-2974

| | |
|---|---|
| DISTRICT CLERKS FEE | $74.00 |
| CIV LEG SV | $10.00 |
| SECURITY | $5.00 |
| DISPUTE RS | $15.00 |
| LAW LIBRARY | $15.00 |
| **CLERKS RECORDS FEE** | **$122.00** |
| RECORDS | $5.00 |
| JUDICIAL FEE | $40.00 |
| STENOGRAPH | $15.00 |
| APP JUD SY | $5.00 |
| DC RECORDS | $5.00 |
| JSF2 | $42.00 |
| CONSLD FEE | $10.00 |
| DCTECH FEE | $5.00 |
| CH-RENOVAT | $15.00 |
| RECPRESERV | $5.00 |
| E-FILE-SYS | $14.00 |
| **TOTAL:** | **$402.00** |
| LESS PAYMENT RECEIVED: LANCE M GEPPERT | $274.00 |
| LESS PAYMENT RECEIVED: GSK LAW | $6.00 |

I, Donna Kay McKinney, Clerk of the District Courts of and for Bexar County, Do Hereby Certify that the above and foregoing are true and correct bill of cost due in this cause.

Angelica Cruz, DEPUTY
Donna Kay McKinney, District Clerk
Bexar County, Texas

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 17, 2014*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

CECILIA BARBOSA, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

# CERTIFICATE

THE STATE OF TEXAS

COUNTY OF BEXAR

     I, Donna Kay M<sup>c</sup>Kinney, Clerk of the District Court of Bexar County, Texas do hereby certify that the documents contained in this record, Cause No. 2012CI13872, of which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL of said Court at office in the City of

San Antonio, Bexar County, Texas this 18th day of September, 2014.


Donna Kay M<sup>c</sup>Kinney

Clerk, 57TH Judicial District
Court of Bexar County, Texas


By: _CECILIA BARBOSA,_ Deputy


\* \* \* \* \* \* \* \* \* \*

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:



*October 17, 2014*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

CECILIA BARBOSA, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*